In re LeRoy J. GILBERT, Alma Gilbert, Debtors.

Bankruptcy No. 83–02178.

United States Bankruptcy Court, N.D. Iowa.

Nov. 5, 1985.

Wesley B. Huisinga, Cedar Falls, Iowa, trustee.

Dennis McMenimem, Cedar Rapids, Iowa, for debtors.

FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER Denying Trustee's Objection to Exemptions

THOMAS WOOD, Bankruptcy Judge.

On November 22, 1983, the Trustee's Objections to Exemptions came before the Court upon proper notice. Present were Wesley B. Huisinga, trustee and Dennis McMenimem, Attorney for the Debtors. The Court ordered the parties to submit a Stipulation of Facts with a copy of the policy that was referred to, at which time the matter was taken under advisement. Having reviewed the Stipulation and Briefs, the Court now makes the following Findings of Fact, Conclusions of Law and Order pursuant to Federal Rule of Bankruptcy Procedure 7052.

FINDINGS OF FACT

The following facts are stipulated to by the parties and are adopted by this Court:

1. Debtors filed for relief under Chapter 7 of the Bankruptcy Code on June 20, 1983.

2. LeRoy Gilbert is 63 years old and has been a farmer all of his life. In January, 1984, he and his wife moved from the farm, which is subject to foreclosure proceedings, to an apartment complex where they serve as assistant managers. Mr. Gilbert has an eighth grade education, no training or job experience other than farming, and has no reasonable prospects for employment except for his current position. He is in reasonably good health.

3. Alma Gilbert is 56 years old and has been a farm wife, homemaker, and mother of eight children. She also has an eighth grade education, no training or job experience and little prospect for employment outside of her present position. She is not in good health and has recently been hospitalized for surgery.

4. The Gilberts purchased a single-premium joint and survivor immediate life annuity on June 6, 1983, from Northwestern Mutual Life Insurance Company. They paid a single premium of $23,782.84 for the plan which provided a monthly payment to the Gilberts of $170.21 beginning on July 6, 1983, and ending on the date of death of the survivor.

5. The funds used to acquire the annuity came from a $6,382.84 Certificate of Deposit, a $3,600.00 savings account, and farm rentals totalling $12,800.00. The savings account and Certificate of Deposit had been relied upon by the Debtors for emergency expenses and retirement income.

6. The annuity payments are necessary for the support of Debtors in fact and for the purposes of Section 627.6(9)(e) Code of Iowa (1985).

7. The annuity contract was purchased to provide immediate income rather than have the payments commence at age 65 or at some other time because of Debtors' ages and their need for immediate income.

## CONCLUSIONS OF LAW

Debtors' interest in Northwestern Mutual Life Insurance Company annuity policy no. 24550 is exempt under Section 627.6(9)(e), Code of Iowa (1985). In so holding this Court faces a matter of first impression regarding the interpretation of subparagraph (9)(e).

Section 627.6(9)(e) provides that a debtor may exempt rights in ... (e) a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

There is no dispute in the present case that the Debtors have a right in a payment under the annuity. The Debtors are presently receiving $170.21 per month from the annuity. Nor is there any dispute that the payments received from the annuity are reasonably necessary for the support of the Debtors. The parties stipulate to this fact and this question is not under consideration by the Court.

The narrow issue presented to the Court by this proceeding is whether the annuity payments are "on account of ... age." The vague "on account of" language of Section 627.6(9)(e) could be construed in two possible ways. One construction would hold the words "on account of" virtually synonymous with "triggered by." Under such a construction an annuity would be exempt if payments were commenced because the debtor obtained a specified age, provided, of course, that such payments are "reasonably necessary" for support. Thus, if payments were to begin at age 64, or some other designated age, the annuity would qualify as exempt under Section 627.6(9)(e). Such a construction lends itself to a simple, clear and, this Court believes, harsh result.

Another possible interpretation of the words "on account of" is to construe them as meaning "based on." This is a broader, more liberal construction, and one which this Court determines is more in line with Iowa case law. The Iowa Supreme Court has consistently held that exemption statutes should be liberally construed in favor of those collecting their benefits. *Frudden Lumber Co. v. Clifton*, 183 N.W.2d 201, 203 (Iowa 1971).

In *Matter of Hahn*, 5 B.R. 242, 244 (Bkrptcy.S.D.Iowa 1980), the Court enumerates five purposes for exemption laws:

1. To provide a debtor enough money to survive.

2. To protect his dignity and his cultural and religious identity.

3. To afford a means of financial rehabilitation.

4. To protect the family unit from impoverishment.

5. To spread the burden of the debtor's support from society to his creditors.

A liberal construction of the "on account of" language of Section 627.6(9)(e) in favor of Debtors will effectuate the above purposes. A narrow construction, allowing an exemption only if annuity payments begin upon attainment of a designated age would defeat these purposes. It would be inconsistent with the Iowa Supreme Court's liberal interpretation of exemption statutes to hinge the allowance of an exemption on whether the annuity contract says pay at age 63 or pay immediately (to an annuitant who is 63 years old).

## ORDER

IT IS HEREBY ORDERED that Trustee's Objection to Property Claimed Exempt by Debtors is denied and dismissed.