In re Robert J. McCABE, Carol M. McCabe, d/b/a McCabe Oil Company, Debtors.

Bankruptcy No. 83–00317.

United States Bankruptcy Court, N.D. Iowa.

March 14, 1986.

Harry R. Terpstra, Cedar Rapids, Iowa, trustee.

Larry G. Gutz, Cedar Rapids, Iowa, for debtors.

Roger Platten, Des Moines, Iowa, for MacMillan Oil Co.

Robert N. Downer, Iowa City, Iowa, special counsel for MacMillan Oil Co.

MEMORANDUM DECISION re Objections to Exemption; ORDER Continuing for Further Evidentiary Hearing

MICHAEL J. MELLOY, Bankruptcy Judge.

The matters before the Court are objections by the Trustee in Bankruptcy and by MacMillan Oil Company, Inc., to Debtors' claimed exemption in an annuity contract. These matters have been submitted on the basis of stipulated facts and briefs of the parties. Having reviewed the stipulation and the briefs submitted, and having examined the annuity contract at issue, the Court makes the following Memorandum Decision pursuant to F.R.B.P. 7052.

## MEMORANDUM DECISION

Debtors Robert and Carol McCabe filed for relief under Chapter 11 of the Bankruptcy Code on November 11, 1983. They subsequently converted their case to Chapter 7 on December 13, 1983. In early November, 1983, Debtors cashed savings bonds accumulated through payroll deductions from Carol McCabe's paychecks. Debtors used the cash thus acquired to purchase Federated Life Insurance Company Annuity Contract No. 071923. The contract was issued on November 21, 1983, and matures on November 21, 1992. Robert McCabe is and has been receiving payments under the contract by virtue of his age (61 years). Debtors claimed their rights to payments under the annuity contract, valued at $47,000.00, exempt and the Trustee in Bankruptcy and MacMillan Oil Company objected.

Iowa has "opted out" of the Bankruptcy exemptions in 11 U.S.C. § 522(d). *See* 627.-

10, Code of Iowa (1985). Thus exemption questions are to be determined under Iowa law. The applicable statute is § 627.6(9)(e) which reads as follows:

A debtor who is a resident of this state may hold exempt from execution the following properties:·

... the debtor's rights in:

... a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

The objectors argue (1) the payments at issue are not under an annuity "... on account of illness, disability, death, age, or length of service"; and (2) the payments are not "reasonably necessary for the support of the debtor and any dependents of the debtor."

■ The first objection is based on the fact that the annuity contract contains no express provision that benefits are payable on account of illness, disability, death, age, or length of service. While the exact language of the statute is not used, the annuity contract does provide that the amount of payment is dependent upon the age and sex of the annuitant. The Court finds the annuity at issue falls within the scope of § 626.7(9)(e) and is subject to exemption.

This decision is in accord with the decision of Judge Thomas Wood in the case of *In re Gilbert*, 74 B.R. 1 (Bkrtcy.N.D.Iowa 1985). *In the Gilbert* case, the Court construed the phrase "on account of" found in § 627.6(9)(e), Code of Iowa (1985). The Court is inclined to follow that decision for two reasons.

First, the language "on account of" is capable of several interpretations. *See,* 29A *Words and Phrases,* p. 229 et seq., where a number of different interpretations are placed upon the phrase "on account of". As stated in the *Gilbert* case, the phrase could be construed to mean "triggered by", or could be construed to mean "based upon", or the basis for the computation of the annuity benefit. Any of those definitions are reasonable and are

logical meanings for the phrase "on account of". The Iowa Supreme Court has held that the exemption statute should be liberally construed in favor of those collecting the benefits of the exemptions. *Frudden Lumber Co. v. Clifton,* 183 N.W.2d 201, 203 (Iowa 1971). Given this policy of liberally construing the exemptions statute in favor of the beneficiary of the exemption, the Court is inclined to resolve any doubts as to the meaning of the phrase "on account of" in favor of the beneficiary of the exemption. Thus, the decision in the *Gilbert* case will be followed in this regard.

Secondly, if the phrase "on account of" were read to mean "triggered by", the Court believes that we would be exulting form over substance. This construction would have the effect of exempting those policies which delayed the payment of benefits for some time (i.e., the 64-year-old individual purchases a policy which begins to pay benefits at age 65) but would not exempt those policies which begin to pay benefits immediately upon purchase of the annuity. The objection raised by the parties objecting to the exemption goes to the question of whether a debtor should be allowed to purchase an annuity policy on the eve of bankruptcy, which would then be exempt under § 627.6(9)(e). By construing the phrase "on account of" to mean "triggered by" would only result in debtor's purchasing policies which begin to pay benefits at a certain age, albeit an age which may only be six months or a year from the date of purchase. This Court does not believe that such a strained construction of the statute should be made as to achieve this result.

This Court has carefully reviewed the Iowa exemptions statute in an attempt to determine whether the Iowa legislature intended to exempt those annuity policies which are privately purchased by a person claiming the benefit of the exemption. The Court having reviewed the statute comes to the conclusion that the legislature did intend such persons to enjoy the benefit of the exemption statute. This conclusion is reached by comparing the Iowa exemption

statute with the Federal counterpart found at 11 U.S.C. § 522(d)(10).

When Iowa elected to opt out of the Federal exemptions, Iowa revised and recodified its exemptions list. The new Iowa exemptions are found at § 627.6, Code of Iowa. In creating the new Iowa exemption statute, the Iowa legislature adopted a number of the exemptions found at 11 U.S.C. § 522(f). In connection with the exemption in question, the Federal counterpart is found at 11 U.S.C. § 522(d)(10)(E). That section exempts:

> (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

> > (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

> > (ii) such payment is on account of age or length of service; and

> > (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, or 409).

It should be noted that the Iowa exemption copied the first part of the Federal exemption, but excluding that part of the Federal exemption referring to "… a stock bonus" …, "… profitsharing" and that part of the exemption which begins "… unless—".

The Federal exemption found at 11 U.S.C. § 522(d)(10)(E) excluded from the exemption those pension, annuity and other similar plans or contracts which were payments on account of age or length of service and which plans did not qualify under sections 401(a), 403(a), 403(b), 408 or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408 or 409). Those sections of the Internal Revenue Code are briefly summarized as follows:

26 U.S.C. 401(a) is the section establishing rules and regulations for qualifying pension, profitsharing and stock bonus plans.

26 U.S.C. 403(a) establishes the rules governing taxation of employee annuities received as a result of payments made under a qualified employer annuity.

26 U.S.C. 403(b) deals with taxation of benefits received by a beneficiary under an annuity purchased by a section 501(c)(3) organization or public school.

26 U.S.C. 408 establishes individual retirement accounts.

26 U.S.C. 409 is the section dealing with the establishment of retirement bonds.

Thus, as can be seen, Congress excluded from the Federal exemptions any annuities, pensions, profitsharing or other similar plans or contracts based on age or length of service which did not meet the definitions of a qualified pension plan under the Internal Revenue Code. Therefore, a privately purchased annuity, pension plan, or other similar contract, that did not qualify as an individual retirement account or retirement bond would not have qualified as an exemption under the Federal statute.

In construing Iowa statutes, the Iowa Supreme Court has stated in *Mallory v. Paradise,* 173 N.W.2d 264, 267 (Iowa 1969):

> In making material changes in the language of a statute, the legislature can neither be assumed to have regarded such changes as without significance, nor to have committed an oversight or to have acted inadvertently. To the contrary, the general rule is that a change in phraseology indicates persuasively, and raises a presumption, that a departure from the old law was intended, particularly where the wording of the statute is radically different…. *See also,* 73 Am. Jur.2d *Statutes* Subsection 236, p. 417; *State ex. Rel. Palmer v. Board of Supervisors of Polk Co.,* 365 N.W.2d 35, 37 (Iowa 1985).

While the Iowa Supreme Court was addressing the issue of a change in the Iowa statute, this Court believes the same rule of statutory construction is applicable to a situation where the Iowa legislature clearly

had the Federal statute before it when adopting the Iowa legislation. The Iowa statute was adopted in response to the exemptions set forth in the new Bankruptcy Code of 1978 and was enacted in order to exercise the authority granted to the Iowa legislature pursuant to 11 U.S.C. § 522(d)(1).

Due to the similarity between the exemption found at 11 U.S.C. § 522(d)(10)(E) and the Iowa exemption found at section 627.-6(9)(e), the Court must conclude that the drafters of the Iowa statute had the Federal exemption in mind when drafting the Iowa counterpart. Had the Iowa legislature intended to limit the exemptions to those pensions, annuities or similar plans or contracts which met the qualifications of the Internal Revenue Code as qualified plans, the legislature certainly could have done so, by simply adopting the exclusionary language found in 11 U.S.C. § 522(d)(10)(E). Since the Iowa legislature elected to change the Federal exemption at the time Iowa opted out of the Federal exemptions, the Court must conclude that the legislature intended not to limit Iowa exemptions to those plans, pensions, or annuities which did qualify under the Internal Revenue Code.

In the initial pleading filed by the Trustee, a reference was made to the annuity being a voidable transfer pursuant to 11 U.S.C. § 548. No evidence was presented on this issue, and the Trustee has not pressed this matter before the Court. Consequently, the Court considers that argument to be abandoned by the Trustee. The Court is expressing no opinion at this time as to whether under certain circumstances the purchase of a pension, annuity, or similar plan or contract on the eve of bankruptcy may give rise to a voidable transfer under 11 U.S.C. § 548.

The question of whether payments under a pension or annuity are reasonably necessary for support was recently before the Court in *In re Flygstad*, 56 B.R. 884 (Bkrtcy.N.D.Iowa 1986). In *Flygstad* the Court enumerated factors to which the Court may look when considering the reasonably necessary standard. These factors include the following: (1) debtor's present and anticipated living expenses; (2) debt-or's present and anticipated income from all sources; (3) age of the debtor and dependents; (4) health of the debtor and dependents; (5) debtor's ability to work and earn a living; (6) debtor's job skills, training, and education; (7) debtor's other assets, including exempt assets; (8) liquidity of other assets; (9) debtor's ability to save for retirement; (10) special needs of the debtor and dependents; (11) debtor's financial obligations, e.g., alimony or support payments. In the case at bar, the evidence bearing on the above factors is totally lacking. The Court determines this matter shall be reset for hearing to receive evidence on the sole issue of whether the payments received by Debtor under the annuity are reasonably necessary for the support of Debtor and any dependents of the Debtor.

### ORDER

IT IS HEREBY ORDERED this matter be continued and a hearing be set to receive evidence on the sole issue of whether payments being received by Debtor from Federated Life Insurance Company Annuity Contract No. 071923 are reasonably necessary for the support of Debtor and any dependents of the Debtor.