**In the Matter of Carl H. LILIENTHAL and Doris June Lilienthal, Engaged in Farming, Debtors.**

**PRODUCTION CREDIT ASSOCIATION OF the MIDLANDS, Appellant,**

v.

**Carl H. LILIENTHAL and Doris June Lilienthal, Debtors-Appellees.**

**Bankruptcy No. 86–971–W.**
**Civ. No. 86–75–W.**

United States District Court,
S.D. Iowa, W.D.

March 30, 1987.

Steven Krohn, Council Bluffs, Iowa, for appellant.

Leo P. Martin, Council Bluffs, Iowa, for appellees.

**DONALD E. O'BRIEN, Chief Judge.**

This matter is before the Court on appellant's motion for a preliminary injunction and appellant's appeal of the Bankruptcy Court's ruling on exempt property. A hearing was held on December 8, 1986. After careful consideration of the parties' briefs and arguments, the Court grants appellant's motion for a preliminary injunction, affirms the Bankruptcy Court on the exempt property ruling, and remands this case to the Bankruptcy Court for a determination of whether the annuity debtors purchased is reasonably necessary for their support.

### FACTS

Debtors Carl and Doris Lilienthal are 60 and 65 years old, respectively. Mrs. Lilienthal contributed to an IDS thrift account for a number of years, intending to establish a retirement fund. On March 25, 1986, she purchased an annuity contract from IDS Life Insurance Company for a single lump sum premium of $19,506.25. The Lilienthals filed a Chapter 7 bankruptcy on April 8, 1986, and claimed the IDS annuity contract as exempt property on their bankruptcy schedules. Appellant Production Credit Association of the Midlands (PCA) filed an objection to the Lilienthal's claim of exemption.

On July 22, 1986, the Honorable Richard Stageman, U.S. Bankruptcy Judge, issued his decision finding that the annuity fell within the Iowa exemption statute, § 627.-6(9)(e). He then set another hearing for August 21, 1986, to determine whether the annuity was reasonably necessary for the Lilienthals' support. On August 21, 1986, Judge Stageman changed the hearing time from 1:30 p.m. to 11:00 a.m. without notice to the parties because he wanted to complete the hearings for that date in the morning before returning to Des Moines. After a brief summary by their counsel of the testimony that the Lilienthals would give and after considering other information previously presented to him, Judge Stageman found that the annuity was reasonably necessary for the Lilienthals' support. This appeal followed. The appel-

lants have contended they did not get a chance to fully present their case.

## DISCUSSION

As Iowa has opted out of the federal exemption statute, Iowa Code § 627.10, this Court must look to Iowa's exemption provisions. Iowa Code § 627.6(9)(e) provides that a debtor may claim as exempt his rights in:

(e) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Judge Stageman noted that although the annuity payments would not be triggered by age, they were to commence when Carl Lilienthal is 74 years old and when Doris Lilienthal reaches age 70. He held that the fact the annuity is payable during the Lilienthals' retirement years meets the "on account of age" requirement of § 627.6(9)(e).

PCA argues that the annuity contract is not exempt under Iowa law because the withdrawal of funds is not subject to any restrictions. PCA contends that because § 627.6(9)(e)'s language is similar to the language of the federal bankruptcy exemption provided in 11 U.S.C. § 522(d)(10)(E), cases interpreting the federal exemption statute as requiring that a debtor not be allowed to withdraw funds at any time are applicable in construing the Iowa exemption statute. PCA relies on *In re Flygstad*, 56 B.R. 884 (N.D.Iowa 1986), for the proposition that the annuity is not exempt because of the debtors' control over it. However, in *Flygstad*, Judge Wood was faced with the question of whether the debtor's profit-sharing plan was a "pension or similar plan." *Id.* at 891. He stated that this determination was affected by the extent of the debtor's control over the profit-sharing plan. However, the *Flygstad* decision did not construe an annuity contract as is in issue here.

The Lilienthals argue that the interpretation of 11 U.S.C. § 522(d)(10) is not controlling on the interpretation of Iowa Code § 627.6(9)(e), as Iowa has opted out of the federal exemptions. The Lilienthals cite two fairly recent Northern District bankruptcy cases, arguing that they demonstrate that case law restrictions on the federal exemption do not apply to the Iowa exemption statute. *In re Gilbert*, 74 B.R. 1 (N.D.Iowa 1985); *In re McCabe*, 74 B.R. 119 (N.D.Iowa 1986). In *Gilbert*, the bankruptcy court held that a broad, liberal construction of the exemption statute was in keeping with the Iowa Supreme Court's consistent rulings that the exemption statutes be liberally construed. *In re Gilbert, supra*, at 2. In *McCabe*, the bankruptcy court followed *In re Gilbert*, noting that the Iowa legislature had had the exemptions before it, but specifically declined to adopt the more restrictive federal plan. *In re McCabe, supra*, at 122.

■ This Court is not persuaded that the withdrawal penalty of up to 7% of the Lilienthals' invested funds is insubstantial. Even if it were, it is not clear that Iowa courts would require that the penalty be substantial. In *Westinghouse Credit Corp. v. Crotts*, 250 Iowa 1273, 98 N.W.2d 843 (1959), the Iowa Supreme Court interpreted the Iowa insurance exemption, and quoted with approval from *Jens v. Davis*, 280 F. 706, 708 (8th Cir.1922):

The Iowa statute does not say that the exemption is contingent upon the absence from the policy of a right to accept a surrender value or of the right to change the beneficiary.

*Westinghouse, supra* 98 N.W.2d at 847.

■ After carefully considering the cases cited by both parties, the Court affirms the bankruptcy court's decision that the annuity qualifies under the Iowa exemption statute. However, the Court deems it appropriate to remand this matter to the bankruptcy court for a further hearing on the "reasonably necessary for support" issue, where both parties will have an opportunity to present evidence and testimony.

■ The Court also denies PCA's request for an injunction restraining the Lilienthals from transferring, assigning, encumbering or otherwise disposing of the annuity fund. In determining whether a preliminary injunction should issue, this Court must consider:

(1) The threat of irreparable harm to the movant;

(2) The state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant;

(3) The probability that movant will succeed on the merits; and

(4) The public interest.

*Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981). The Court finds that PCA will be irreparably harmed should the Lilienthals withdraw these funds prior to the bankruptcy court's decision. Even though this Court has upheld the bankruptcy court on the exemption issue, there is still the possibility that the bankruptcy court may find that the annuity is not reasonably necessary for the Lilienthals' support. The Court does not believe that the balance of harm tips in favor of the Lilienthals, as they intend to rely on this annuity for support during their retirement years and have refrained from withdrawing these funds during the pendency of this appeal.

IT IS THEREFORE ORDERED that the bankruptcy court's decision finding the annuity as exempt under the Iowa exemption statute is hereby affirmed.

IT IS FURTHER ORDERED that this matter is remanded to the bankruptcy court for a further hearing on the reasonably-necessary-for-support issue.

IT IS FURTHER ORDERED that appellant's motion for a preliminary injunction is hereby granted, and the appellees may not withdraw the funds while this matter is on remand.