**In the Matter of Dennis Milford WEAVER, Debtor.**

**Bankruptcy No. BK88–40002.**

United States Bankruptcy Court, D. Nebraska.

Sept. 30, 1988.

Terri Sue Harder, Kearney, Neb., for debtor.

Clay B. Statmore, Lincoln, Neb., for Ms. Weaver.

John Wolf, Grand Island, Neb., trustee.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

THIS MATTER is before the court on the objection of debtor's ex-wife to a claimed exemption for $26,365.00 held by debtor in a retirement plan in this Chapter 7 bankruptcy case. This case involves the interpretation of Nebraska's recently enacted exemption for stock, pension or similar plans under Neb.Rev.Stat. § 25–1563.01 (Supp.1987). Critical to disposition of this case is the meaning of the statutory phrase which limits the exemption to funds "reasonably necessary for the support of the debtor and any dependent of the debtor."

## FACTS

The debtor is a twenty-eight-year-old male who is employed full-time by Nebraska Public Power District ("NPPD"), where he earns $13.64 an hour. The debtor is divorced, but he has one dependent, a four-year-old daughter who lives with her mother. The debtor's current monthly expenses are $1,689.29.

Through his employer, the debtor has a term life insurance policy, an accidental death and dismemberment policy, and a long-term disability policy. On the death of the debtor, the life and accidental death insurance policies will pay an amount equal to one and one-half times the debtor's annual salary. In the event of total disability, the disability insurance would pay sixty (60) percent of covered monthly earnings, not exceeding $3,000.00 per month.

The debtor also has a retirement plan through his employer. The current total balance of the retirement fund is $26,-365.00, $16,711.00 of which is currently vested. The debtor has claimed that his entire interest in the retirement fund is exempt under Neb.Rev.Stat. § 25–1563.01. The debtor's ex-wife, a judgment creditor

listed on the debtor's bankruptcy schedules, filed an objection to this claimed exemption. At the hearing on the objection, the parties agreed that the retirement plan was a "pension or similar" plan under section 25–1563.01. The issue left unresolved was the meaning of the statutory phrase "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." The debtor claims that the entire amount in his retirement fund is reasonably necessary for the support of himself and of his dependent, and is thus entirely exempt from the claims of his creditors. The debtor argues that the legislative history behind section 25–1563.01 reveals that the objective of the state legislature in passing the law was not to deprive an innocent wage-earner of a long standing employer-based retirement plan. Rather, the objective of the legislature was to limit the previously existing unlimited exemption for annuities and unmatured life insurance.

The first issue presented for determination is the meaning of the phrase "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor" as used in Neb.Rev.Stat. § 25–1563.01.

### DISCUSSION

Section 25–1563.01 contains language similar to the exemption of retirement benefits found in Bankruptcy Code § 522(d)(10)(E), which is not applicable in Nebraska. The Nebraska exemption statute reads as follows:

25–1563.01. *Stock, pension, or similar plan or contract; exempt from certain process; when.* In bankruptcy and in the collection of a money judgment, the following benefits shall be exempt from attachment, garnishment, or other legal or equitable process and from all claims of creditors: *To the extent reasonably necessary for the support of the debtor and any dependent of the debtor,* (emphasis added), an interest held under a stock bonus, pension, profit sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service unless:

(1) Within two years prior to bankruptcy or to entry against the individual of a money judgment which thereafter becomes final, such plan or contract was established or was amended to increase contributions by or under the auspices of the individual or of an insider that employed the individual at the time the individual's rights under such plan or contract arose; or

(2) Such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986 or the successors of such section.

For purposes of this section, unless the context otherwise requires, insider shall have the meaning provided in 11 U.S.C. 101(30).

In determining the meaning of the exemption provided by Neb.Rev.Stat. § 25–1563.01, this court must apply Nebraska law. Since there are no state judicial decisions construing this statute, this court must decide the issue as it concludes the issues would be decided by the Nebraska Supreme Court. In the interpretation and construction of exemption statutes, the Nebraska Supreme Court has often stated that exemption statutes are to be liberally construed to effectuate their statutory purpose. *See generally In the Matter of Welbourne,* 63 B.R. 23, 25–26 (Bkrtcy.D. Neb.1986); *In re Estate of Grassman,* 183 Neb. 147, 152, 158 N.W.2d 673, 676 (1968); *Hawley v. Arnold,* 137 Neb. 238, 288 N.W. 823 (1939); Duncan, *Through the Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978,* 60 Neb.L.Rev. 219, 241, 252 (1981).

The statute does not elaborate on the meaning of the phrase "to the extent reasonably necessary for the support of the debtor and any dependent." The legislative history is helpful. Under the previous version of this statute there was no limitation on the amount of funds held in an annuity or unmatured insurance contract. *See* Neb.Rev.Stat. § 44–371. This was of considerable concern to creditors who felt that an unlimited exemption was absurd and abusive. The legislature enacted sec-

tion 25–1563.01 for the general purpose of placing a limitation upon the exemption for annuities and unmatured life insurance.

Although there have been no judicial decisions construing Neb.Rev.Stat. § 25–1563.01, there have been numerous decisions construing the similar language contained in the Bankruptcy Code exemption for retirement benefits. *See* 11 U.S.C. § 522(d)(10)(E). Section 522(d) exemption for retirement benefits is not applicable in Nebraska because in 1980 the Nebraska legislature elected not to provide its citizens the basic protections afforded by the contemporary exemptions set forth in the Bankruptcy Code. *See* Neb.Rev.Stat. § 25–15,105. However, the Nebraska legislature elected to use the same language in the recently enacted section 25–1563.01 as had been used by Congress in Bankruptcy Code Section 522(d)(10)(E), which states:

\* \* \* \* \* \*

(d) The following property may be exempted under subsection (b)(1) of this section:

\* \* \* \* \* \*

(10) The debtor's right to receive—

\* \* \* \* \* \*

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the *extent reasonably necessary for the support of the debtor and any dependent of the debtor,* (emphasis added),

\* \* \* \* \* \*

The legislative history behind the federal statute is of some help in determining the meaning of the "reasonably necessary" phrase as used in § 25–1563.01. The legislative history reveals that the federal exemptions are derived from the Uniform Exemptions Act. *See In re Kochell,* 732 F.2d 564, 565 (7th Cir.1984). Section 6 of the Act defined the "reasonably necessary" phrase as

property required to meet the present and anticipated needs of the individual and his dependents as determined … after consideration of the individual's re-

sponsibilities and all of the present and anticipated property and income of the individual, including that which is exempt. *Id.*

Based upon the language of section 6, it has been held that although the retirement benefits may not be currently necessary for support, the court may consider the future needs of the debtor in determining whether or not, or to what extent, retirement benefits are exempt. *In re Miller,* 33 B.R. 549, 552 (Bkrtcy.D.Minn.1983). The legislative history indicates that § 522(d)(10) deals with "benefits that are akin to future earnings of the debtor." H.R.Rep. 595, 95th Cong., 1st Sess., 362 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 6318. Thus, the court in *Miller* indicated that since § 522(d)(10) deals with the right to future payments, the necessity for the debtor's future support should also be considered.

However, at least one court has held that the exemption of future payments under a retirement plan demonstrates a concern for the debtor's long-term security, and that this is a concern which is absent from the federal exemption statute. That court held that only present payments to the extent reasonably necessary for the present support of the debtor may be exempt. *In re Clark,* 711 F.2d 21, 23 (3rd Cir.1983). A separate opinion was filed, however, which disagreed with the majority.

■ In construing § 25–1563.01, a court should consider the future needs of the debtor and any dependents; the exemption should be construed to permit retirement plans to serve their intended purposes of providing funds "reasonably necessary for support of the debtor and any dependent of the debtor on account of illness, disability, death, age or length of service." This statutory exemption would be devoid of meaning, and its expressed purpose would be frustrated if a court did not consider the future needs of the debtor and any dependents of the debtor. In the context of other Nebraska exemptions, such as the Homestead Exemption, the in-lieu-of homestead exemption, the exemptions for tools of trade, provisions for six months, household

goods and wearing apparel, it is apparent that the exemption for retirement plans is referable to a legislative policy of exempting funds for future retirement needs and future expenses. *See* Neb.Rev.Stat. § 40–101; § 25–1552; § 25–1556. Accordingly, in construing § 25–1563.01, the court will consider the future needs of the debtor and his dependents.

The next question is how to determine what is "reasonably necessary," either presently or in the future. The leading case interpreting the "reasonably necessary" language of the federal exemption is *In re Taff*, 10 B.R. 101 (Bkrtcy.D.Conn. 1981). The *Taff* court held that—

> the reasonably necessary standard requires that the court take into account other income and exempt property of the debtor, present and anticipated, ... and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs....
>
> *Id.* at 107.

In the case of *In re McCabe*, 74 B.R. 119, 122 (Bkrtcy.N.D. Iowa 1986), the court listed several factors to consider in the determination of whether property claimed as exempt is reasonably necessary. Those factors are:

> (1) debtor's present and anticipated living expenses; (2) debtor's present and anticipated income from all sources; (3) age of the debtor and dependents; (4) health of the debtor and dependents; (5) debtor's ability to work and earn a living; (6) debtor's job skills, training, and education; (7) debtor's other assets, including exempt assets; (8) liquidity of other assets; (9) debtor's ability to save for retirement; (10) special needs of the debtor and dependents; (11) debtor's financial obligations, e.g. alimony or support payments.

The court concludes that the Nebraska Supreme Court would consider the factors enumerated by the court in *In re McCabe*, *id.*, in construing the "reasonably necessary" language in section 25–1563.01.

Other cases interpreting the phrase "reasonably necessary for the support of the debtor and any dependent of the debtor" have distinguished between younger and elderly debtors. For example, *In re Kochell, supra*, involved a debtor who was a 44 year-old medical doctor. The court refused to exempt funds deposited by the debtor in his pension plans. The Seventh Circuit Court of Appeals held that the bankruptcy court properly considered the debtor's present earnings as a factor weighing against a finding that the funds were reasonably necessary for support. The court considered the debtor's ability to reestablish a retirement fund. *Id.* at 566. On the other hand, *In re Donaghy*, 11 B.R. 677 (Bkrtcy.S.D.N.Y.1981), involved a 62 year-old unemployed debtor with emphysema who had a 64 year-old wife with cancer. Here, no future earning capacity existed. The court granted the exemption of the debtor's retirement benefits.

Even in cases involving younger debtors, the courts have not consistently denied the exemption for retirement benefits. *See In re Miller, supra; In re Sheridan*, 38 B.R. 52 (Bkrtcy.D.Vt.1983); *In re Johnson*, 36 B.R. 54 (Bkrtcy.D.N.M.1984); *In re Grant*, 40 B.R. 612 (Bkrtcy.N.D.Tex.1984); and *In re Schlee*, 60 B.R. 524 (Bkrtcy.D.Minn. 1986). These cases have considered the number of working years the debtor has left, present income, future income, etc. In each case the debtor was 56 years old or younger, and had a modest income. The courts granted the exemption for retirement benefits.

■ In applying the factors enumerated in *In re McCabe, supra*, this court concludes that the entire amount in the retirement plan is exempt under Neb.Rev.Stat. § 25–1563.01 (Cumm.Supp.1987). Although the debtor is only 28 years old and presumably in good health, the amount of his accrued retirement does not exceed an amount reasonably necessary for the support of the debtor and his dependents when evaluated from the standpoint of present and future needs. Of the $26,355.00 balance of the retirement fund, $16,710.00 is vested. The non-vested amount is the real

amount in controversy in this case and it may be further reduced by federal and state income taxes and possible penalties if the funds are withdrawn. The vested portion of the account would not be sufficient to pay one year's budgeted expenses of the debtor and his dependent.

In the event of death and disability of the debtor, the funds will be reasonably necessary for the support of debtor's dependent. On the death of the debtor, the amount paid under debtor's life and accidental death policies would equal one and one-half times debtor's current annual salary. Should a total disability occur, the debtor's disability insurance would pay sixty (60) percent of covered monthly earnings, not exceeding $3,000.00 monthly. These amounts are modest when compared to the future needs of the debtor and debtor's dependent.

The retirement funds are also reasonably necessary to support the debtor in his old age. As has been noted in case law, benefits received from social security are likely to be low. *See In re Schlee, supra,* at 529; *In re Miller, supra,* at 553. Social security benefits will need to be supplemented by other sources of income to adequately provide for retirement. Debtor's retirement benefits are reasonably necessary to provide a supplement to social security.

Under Bankruptcy Rule 4003(c), the objecting party has the burden of proving that the exemptions are not properly claimed. The objecting party herein has failed to show that the debtor's retirement benefits are not reasonably necessary for support in the future. Specifically, the objecting party has failed to establish that the debtor's living expenses can be met in some way other than through his present retirement benefits. Further, there is no evidence that the debtor has other assets, including exempt assets, sufficient to provide for his own and his dependent's future support should his retirement benefits not be exempt from the claims of his creditors.

The court, therefore, concludes as a finding of fact, that the entire amount held by debtor in his retirement account is reason-ably necessary for the support of the debtor and his dependent.

However, even though debtor's retirement plan is exempt from the claims of creditors, it would defy logic to permit the exemption to be asserted by the debtor against claims for support asserted by his dependents. The statutory purpose of Neb.Rev.Stat. § 25–1563.01 is to protect funds "reasonably necessary for the support of the debtor and any dependent." If the exemption could be asserted against claims for support, not only would the statutory purpose of providing for support be frustrated, but the statutory exemption would become the means by which support obligations could be avoided.

As stated by the Supreme Court in *Wetmore v. Markoe,* 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904),

> Unless positively required by direct enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral or legal, devolved upon the husband to support his wife and to maintain and educate his children.

196 U.S. 77, 25 S.Ct. 175. These words are applicable here.

The enactment of section 25–1563.01 by the Nebraska legislature does not positively require that the exemption be effective against claims of dependents for support.

As a matter of statutory construction, the court concludes that there is a necessarily implied exception to section 25–1563.01. The exemption is not effective against claims for support asserted by a dependent of the debtor. Dependents are not "creditors" within the meaning of the statute. This implied exception is necessary to assure that the statutory purpose is not frustrated. See, cf. *American Tel. & Tel. Co., v. Merry,* 592 F.2d 118 (2nd Cir. 1979). (Court found an implied exception to ERISA restrictions on alienation in family support situations and discussed numerous judicial decisions); *Tenneco Inc. v. First Virginia Bank of Tidewater,* 698 F.2d 688 (4th Cir.1983).

The principle of estoppel also bars the debtor from asserting the exemption against his dependents. The exemption is limited to amounts "reasonably necessary for support of the debtor and his dependents." By taking the position that the retirement funds are necessary for the support of dependents, the debtor is precluded from taking the legal position that the retirement funds are exempt from claims for support.

A separate order will be entered consistent herewith.