LOKEN, Circuit Judge.
 

 Glen H. Huebner, a Chapter 7 debtor, filed! for bankruptcy on November 9, 1990, when he was sixty-four years old. He claimed an exemption under Iowa Code § 627.6(8)(e) for two flexible premium annuities worth $30,000. Farmers State Bank of Grafton and the bankruptcy trustee filed objections, and the bankruptcy court upheld the claimed exemption. The district court
 
 [1]
 
 reversed the bankruptcy court, concluding that Huebner’s two annuities are not exempt. 141 B.R. 405. Huebner appeals, and we affirm.
 

 I. Jurisdiction
 

 Though the district court order finally resolved a disputed question of law, the order is technically interlocutory — the court remanded the case to the bankruptcy court for completion of the ongoing Chapter 7 proceedings. We have never expressly considered whether a district court order granting or denying a debtor’s claimed exemption is a final decision appealable to this court under 28 U.S.C. § 158(d).
 
 [2]
 
 Finality for bankruptcy purposes is a complex subject. Recognizing that the test for finality under § 158(d) must take into account the peculiar needs of the bankruptcy process, we have held that, in general:
 

 The factors used in deciding the finality of a bankruptcy order are the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the' entire proceeding.
 

 In re Apex Oil Co.,
 
 884 F.2d 343, 347 (8th Cir.1989).
 

 Nearly every circuit to consider the question has held that an order granting or denying an exemption is final for purposes of § 158(d) or its predecessor statute.
 
 [3]
 
 As the Seventh Circuit said in
 
 In re Barker,
 
 768 F.2d 191, 193-94 (7th Cir.1985) (citations omitted):
 

 [Djecisions about the status of exempt property can and frequently do determine the entire course of the bankruptcy proceeding because they involve disputes over what belongs in the bankrupt estate.... [E]ven though the exemption decision is technically interlocutory, it is frequently the final resolution of the par
 
 *1224
 
 ties’ rights for practical purposes.... [A] decision that property is exempt could deplete the potential estate to such a degree that creditors would decline to participate further in the proceeding.... On the other hand, a decision that the property is not exempt would cause title to such property to vest in the trustee during the pendency of the action with all the attendant consequences of vesting.
 

 This case illustrates the practical reasons why at least most exemption decisions should be final orders under our
 
 Apex
 
 standard. The district court’s order places the annuity assets in Huebner’s bankruptcy estate. When the case is remanded to the bankruptcy court, the trustee will almost certainly elect to surrender the annuities and distribute the proceeds to the bank, the estate’s only remaining creditor. If we were to determine in a subsequent appeal that the annuities are in fact exempt, it is doubtful whether they could be reinstated without cost or penalty. Thus, Huebner would be left without an adequate remedy.
 

 For these reasons, while we adhere to our prior decisions holding that district court orders remanding to the bankruptcy court are seldom final,
 
 see In re Woods Farmers Coop. Elevator Co.,
 
 983 F.2d 125 (8th Cir.1993), we conclude that the order denying Huebner’s claimed exemption is final for purposes of § 158(d).
 

 II. The Merits
 

 Section 522(b) of the Bankruptcy Code, 11 U.S.C. § 522(b), permits a debtor to choose between the federal exemptions provided in § 522(d) and the exemptions provided under state law, unless state law “vetoes” the debtor’s option to choose the federal exemptions.
 
 See
 
 3 Collier on Bankruptcy If 522.02, at 522-11 (15th ed. 1992). Because Iowa does not allow Iowa debtors to elect the federal exemptions,
 
 see
 
 Iowa Code § 627.10, Huebner’s claimed exemption must be determined under Iowa law.
 

 Iowa Code § 627.6(8)(e) provides an exemption for “[t]he debtor’s rights in ... [a] payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service .... ” The two annuities provide that Huebner “may withdraw all or part of the cash value of this certificate on any date while the annuitant is still alive.” Each annuity contract provides Huebner with three payment options: (1) cash payment in any amount up to cash value; (2) periodic payments for a chosen length of time; or (3) periodic payments for the life of the annuitant with a guaranteed amount for a chosen number of years. Huebner argues that, because the
 
 amount
 
 of a payment under the third payment option depends upon the age of the payee, the annuities qualify for exemption under § 627.6(8)(e).
 
 [4]
 
 We disagree.
 

 No payments have been made under Hu-ebner’s annuity contracts; rather, he is seeking to exempt the entire annuity corpus from which future payments will be made. In § 627.6(8)(e), the Iowa Legislature has limited its exemption to “rights
 
 in”
 
 an annuity
 
 payment.
 
 Unlike other states, such as California and Tennessee,
 
 [5]
 
 Iowa has no statute granting an exemption for all or any part of the undistributed corpus of an annuity contract.
 

 Huebner was sixty-four when he filed for bankruptcy, and his expressed intent was to begin receiving monthly payments under the annuity contracts when he turned sixty-five on April 2, 1991. Because both annuities qualify as Individual Retirement Annuities under 26 U.S.C. § 408(b), and because
 
 *1225
 
 Huebner has reached retirement age under federal law, he also argues, more narrowly, that he is presently eligible to receive exempt payments “on account of” his age. This argument, however, is inconsistent with the terms of the annuity contracts. Huebner’s present right to receive annuity payments does not depend upon his having reached age sixty-five, nor upon the occurrence of any of the other triggering events enumerated in § 627.6(8)(e), such as illness, disability, or death. Instead, the contracts give Huebner the unfettered discretion to receive payments at any time under any of the three payment options, subject only to relatively modest penalties for withdrawals before age 59V2.
 

 In these circumstances, we agree with the district court that Huebner’s access to and complete control over the timing of annuity payments mean that any payments received under the contracts would not be “on account of” his age.
 
 See In re Hutton,
 
 893 F.2d 1010, 1011 (8th Cir.1990) (employer savings plan exempt under Iowa Code § 627.6(8)(e) because control over distributions was in the hands of a third party and there were “strong limitations on withdrawal”);
 
 In re Moss,
 
 143 B.R. 465, 466-67 (Bankr.W.D.Mich.1992) (individual retirement annuities not exempt under § 522(d)(10)(E) of the Bankruptcy Code because of debtor’s control over distributions);
 
 In re Matthews,
 
 65 B.R. 24, 25 (Bankr.N.D.Iowa 1986) (individual retirement account not exempt under Iowa law because of debtor’s unrestricted access to the funds).
 

 For the above reasons, we conclude that Huebner’s annuities are not exempt under § 627.6(8)(e). Huebner could have invested his savings in retirement annuities that prevented him from withdrawing funds pri- or to his reaching retirement age, in which event retirement payments under those annuities would have been exempt under § 627.6(8)(e). Instead, he decided to invest in annuities that place virtually no restrictions on his right to withdraw. Such assets are essentially “bank savings accounts” with favorable tax treatment.
 
 In re Moss,
 
 143 B.R. at 467. Although as a matter of hindsight this has proven to be an unfortunate decision, we are required under the Bankruptcy Code to limit Huebner to the exemptions afforded by state law.
 

 The order of the district court is affirmed.
 

 [1]
 

 . The HONORABLE DAVID R. HANSEN, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit.
 

 [2]
 

 . In
 
 In re Peterson,
 
 897 F.2d 935 (8th Cir.1990), we reviewed the merits of an order granting an exemption without discussing the jurisdiction issue.
 

 [3]
 

 .
 
 See In re England,
 
 975 F.2d 1168, 1172 (5th Cir.1992);
 
 In re Brayshaw,
 
 912 F.2d 1255, 1256 (10th Cir.1990);
 
 In re Cottrell,
 
 876 F.2d 540, 542 (6th Cir.1989) (order determining that a cause of action was property of the bankruptcy estate);
 
 Sumy v. Schlossberg, 777
 
 F.2d 921, 923 (4th Cir.1985);
 
 In re Jones,
 
 768 F.2d 923, 925-26 n. 3 (7th Cir.1985);
 
 In re White, 727
 
 F.2d 884, 885-86 (9th Cir.1984);
 
 John T. Mather Memorial Hosp., Inc. v. Pearl,
 
 723 F.2d 193, 194 n. 1 (2d Cir.1983).
 
 But see In re Wisz,
 
 778 F.2d 762, 764 (11th Cir.1985).
 

 [4]
 

 . Huebner relies on a series of Iowa bankruptcy court decisions holding that the phrase
 
 on account of
 
 age in § 627.6(8)(e) should be construed as meaning
 
 based upon
 
 age.
 
 See In re McCabe,
 
 74 B.R. 119, 120 (Bankr.N.D.Iowa 1986);
 
 In re Gilbert,
 
 74 B.R. 1 (Bankr.N.D.Iowa 1985).
 

 [5]
 

 .
 
 See In re Vigghiany,
 
 74 B.R. 61, 61 n. 1 (Bankr.S.D.Cal.1987);
 
 In re Cassada,
 
 86 B.R. 541, 542 n. 1 (Bankr.E.D.Tenn.1988). This distinction has been recognized (though not finally resolved) under the more broadly worded federal exemption in § 522(d)(10) for a debtor’s "right to receive” an annuity payment.
 
 See Patterson v. Shumate,
 
 — U.S. -, - n. 5, 112 S.Ct. 2242, 2249 n. 5, 119 L.Ed.2d 519 (1992), and cases cited.