# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

---

No. 97-6034SI

---

Nadine F. Eilbert,        *
                                 *

         Appellant,         *

       v.                 *         Appeal from the United States

                                 *         Bankruptcy Court for the

David D. Pelican;           *         Southern District of Iowa

Anita L. Shodeen,           *

                                 *

         Appellees.        *

---

Submitted: August 20, 1997

Filed: October 14, 1997

---

Before KRESSEL, SCHERMER, and DREHER, Bankruptcy Judges.

---

KRESSEL, Bankruptcy Judge.


    Nadine F. Eilbert appeals from the bankruptcy court's[1] order disallowing her claimed exemption in an annuity. We affirm.

---

[1] Russell J. Hill, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

## I. BACKGROUND

The debtor, Nadine F. Eilbert, is a seventy-seven-year-old widow. On July 16, 1994, her husband, Raymond E. Eilbert, was involved in an automobile accident with appellee David Pelican. Raymond Eilbert was killed and Pelican sustained severe injuries. As a result of his injuries, Pelican sued Raymond Eilbert's estate and the debtor on August 26, 1994.[2]

Raymond's estate was valued at $1,163,154.13, including $1,051,981 of jointly held property which passed outside of his probate estate.[3]

In the fall of 1994, the debtor began to liquidate much of her property. Anticipating the entry of a large judgment against her, she sought to transform her primarily non-exempt assets into exempt property in the event she filed bankruptcy. Accordingly, on October 27, 1994, the debtor used the liquidated proceeds to purchase a single premium Pinnacle Variable Annuity Contract in the amount of $450,000.

On November 30, 1995, the jury returned a verdict for

---

[2] The debtor was sued because she and her husband were joint owners of the car Raymond Eilbert was driving.

[3] According to the report and inventory, Raymond Eilbert owned $562,065 of property jointly with his daughters and $489,916 jointly with his wife. The debtor's property consisted mainly of bank account balances, farm machinery and tools and crops.

Pelican in the amount of $662,502.06.[4] The state court subsequently

entered a judgment against the debtor and her deceased husband's estate.

On December 4, 1995, the debtor filed her Chapter 7 petition. On

Schedule C, the debtor claimed as exempt her interest in the annuity

payments and corpus under Iowa Code § 627.6(8)(e). Pelican and the

Chapter 7 trustee, Anita L. Shodeen, objected to the debtor's claimed

objection.[5]

The bankruptcy court held an evidentiary hearing and subsequently

entered an order sustaining the objections. The court held that the

debtor's interest in the annuity payments and corpus was not exempt,

since the payments were not made "on account of" the debtor's age. The

court also determined that the debtor had not purchased the annuity with

the intent to hinder, delay or defraud creditors.[6] The debtor appealed.

---

[4] With pre-petition interest, Pelican's judgment now stands at nearly $700,000.

[5] Pelican also objected to the exemption of other property, but only the annuity is the subject of this appeal.

[6] "The facts show that Debtor intended to engage in legitimate pre-bankruptcy planning. She intended to invest in an exempt annuity. The fact is that she failed in her lawful intentions. Viewing her conduct in retrospect does not transform her intent into fraud." In re Eilbert, No. 95-3707-CH, slip op. at 9 (Bankr. S.D. Iowa Mar. 25, 1997). The appellees do not challenge this finding.

3

## II. THE ANNUITY

The debtor purchased her single premium Pinnacle Variable Annuity Contract for $450,000 on October 27, 1994. Under the terms of the annuity, the debtor receives monthly payments at a ten percent annual return for the duration of her life, with the balance to be divided at her death between her daughter and one of her sons.

Pursuant to her directive, the debtor began receiving disbursements on January 1, 1995. In 1995, she received a total of $46,641 in monthly payments. The annuity averaged a sixteen percent rate of return in its first year and, notwithstanding the monthly payments, was valued at $480,820 at the petition date.

The debtor enjoyed almost unfettered discretion in tailoring the terms of the annuity. The enrollment form for the annuity contains a box in which the applicant is asked to provide a retirement age "in years." The retirement age is the age at which disbursements begin. In this case, the debtor left the box blank and instead wrote a date-- January 1, 1995--in the margin. The retirement age may be changed at any time before distribution. Furthermore, the debtor can withdraw the entire corpus at any time, subject to contractual penalties ranging from seven to two percent during the first six years.[7]

---

[7] Penalties for early withdrawals are assessed against principal in the following amounts: Seven percent in the first year, six percent in the second year, five percent in the third year, four percent in the fourth year, three percent in the fifth year, two percent in the sixth year, and no penalty thereafter.

### III. DISCUSSION

In this appeal, the debtor seeks to exempt both the corpus[8] and payments received under an annuity contract pursuant to Iowa Code § 627.6(8)(e).[9] This statute provides an exemption for a debtor's interest in "[a] payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age or length of service. . . ." Iowa Code § 627.6(8)(e). The debtor argues that her annuity payments are exempt because they are "on account of" her age.

The exemptibility of annuities under Iowa Code § 627.6(8)(e) is an ill-defined area of law of comparatively recent origin. Over the past decade, courts have struggled to supply meaning to

---

[8] There is some debate regarding a debtor's entitlement to exempt corpus under Iowa law. In Huebner v. Farmers State Bank (In re Huebner), 986 F.2d 1222 (8th Cir. 1993), the debtor sought to exempt the entire corpus of an annuity from which he had received no disbursements. The Eighth Circuit disallowed the debtor's exemption, stating that Iowa Code § 627.6(8)(e) provides exemptions only for payments: "In § 627.6(8)(e), the Iowa Legislature has limited its exemption to 'rights *in*' an annuity *payment*. Unlike other states . . . Iowa has no statute granting an exemption for all or any part of the undistributed corpus of an annuity contract." Id. at 1224. While we recognize the controversy regarding corpus, our resolution of the current appeal renders this issue moot.

[9] Under 11 U.S.C. § 522(b), a debtor may utilize either the federal exemptions listed in § 522(d) or the applicable state exemptions, unless the state has opted out of the federal scheme. Iowa has opted out of the federal scheme. See Iowa Code § 627.10. Therefore, the debtor's entitlement to an exemption in this case turns on Iowa law.

5

the imprecise phraseology of this provision.  The Bankruptcy Court for the Northern District of Iowa first addressed the issue in In re Gilbert, 74 B.R. 1 (Bankr. N.D. Iowa 1985).[10]

In In re Gilbert, the debtors purchased an immediate annuity policy and sought to exempt payments which commenced only one month after the purchase date.  Defining the issue as "whether the annuity payments are 'on account of . . . age,'" the court identified two possible constructions for the statutory language:

> The vague "on account of" language of Section 627.6(9)(e) could be construed in two possible ways.  One construction would hold the words "on account of" virtually synonymous with "triggered by."  Under such a construction an annuity would be exempt if payments were commenced because the debtor obtained a specified age. . . .  Another possible interpretation of the words "on account of" is to construe them as meaning "based on."

Id. at 2.

Citing caselaw endorsing the liberal construction of exemption statutes, the court adopted the "based upon" analysis and allowed the debtors' exemption.

In In re McCabe, 74 B.R. 119 (Bankr. N.D. Iowa 1986), the court was again called upon to construe Iowa Code § 627.6(9)(e).  In In re McCabe, the debtors sought to exempt payments from an annuity which contained no express provision conditioning payment on age, but which calculated payments based upon the age of the

---

[10] "[T]his Court faces a matter of first impression regarding the interpretation of subparagraph (9)(e)."  In re Gilbert, 74 B.R. at 2.  Iowa Code § 627.6(9)(e) is the predecessor to the current exemption statute.

annuitants.  Citing <u>In re Gilbert</u>, the court noted the multiple interpretations of the statutory language.  "[T]he language 'on account of' is capable of several interpretations. . . . [T]he phrase could be construed to mean 'triggered by', or could be construed to mean 'based upon'. . . .  Any of those definitions are reasonable and are logical meanings for the phrase 'on account of.'"  <u>McCabe</u>, 74 B.R. at 120.  Following <u>Gilbert</u>, the court construed the statute in favor of the debtors and allowed their exemption.[11]

Finally, in <u>In re Huebner</u>, 141 B.R. 405 (N.D. Iowa 1992), <u>aff'd</u>, 986 F.2d 1222 (8th Cir. 1993), the court expressly rejected the <u>Gilbert</u> line of cases and adopted an alternative interpretation.  "[T]his court respectfully disagrees with the reasoning of <u>Gilbert</u> and the cases following <u>Gilbert</u>.  This court finds that 'on account of' is more appropriately interpreted to mean 'triggered by.'"  <u>Huebner</u>, 141 B.R. at 409.

In <u>Huebner</u>, the debtor purchased two annuity policies ten years before filing bankruptcy.  At the time of filing, the debtor was sixty-four-years-old and intended to begin receiving payments when he reached retirement age.  Notwithstanding the

---

[11] <u>See</u> <u>also</u> <u>Production Credit Ass'n v. Lilienthal (Matter of Lilienthal</u>, 72 B.R. 277, 299 (S.D. Iowa 1987) (affirming bankruptcy court's decision that annuity payments which commenced during debtor's retirement years satisfied the "on account of age" requirement, even though the payments were not triggered by age).

debtor's subjective intent to begin receiving payments at age sixty-five, the court held that the annuities were not exempt since they were not "triggered by" the debtor's age. "Debtor's right to payment . . . is not triggered by any specific event." Id. In reaching its decision, the court noted that the debtor--not the terms of the annuity contract--determined the time of disbursement.

On appeal, the Eighth Circuit affirmed the district court. "Huebner's present right to receive annuity payments does not depend upon his having reached age sixty-five, nor upon the occurrence of any of the other *triggering* events enumerated in § 627.6(8)(e)." In re Huebner, 986 F.2d 1222, 1225 (8th Cir. 1993) (emphasis added). Furthermore, the court noted that Huebner's annuity failed to comport with the statutory framework because the *debtor* maintained "unfettered discretion" to control the timing of disbursements. "Huebner's access to and complete control over the timing of annuity payments mean that any payments received under the contracts would not be 'on account of' his age." Id.

We do not think that the Eighth Circuit's use of the word "triggering" was meant to resolve the statutory construction debate. The court made no reference to the two lines of cases and used the word "triggering" in reference to all of the events listed in the statute, not just as a definition of the phrase "on

8

account of."  Rather, the court focused on a factual inquiry into the amount of control the debtor exercised over the initial acquisition of the contract, the amount and timing of the payments, and the right to exercise control over the corpus.

The Eight Circuit's opinion in <u>Huebner</u> requires a two-tiered analysis.  First, the bankruptcy court must determine if the claimed exempt asset belongs to the class of exempt investments enumerated in Iowa Code § 627.6(8)(e).  Iowa Code § 627.6(8)(e) exempts payments "under a pension, annuity, or *similar* plan or contract. . . ."  Iowa Code § 627.6(8)(e) (emphasis added).  Second, if the asset is of the sort contemplated by Iowa's exemption statute, then the bankruptcy court must determine whether the payments are received "*on account of* illness, disability, death, age or length of service. . . ."  Iowa Code § 627.6(8)(e)(emphasis added).

## A. Similar Plan or Contract[12]

Under Iowa Code § 627.6(8)(e), payments are exempt only if they are received pursuant to a "pension, annuity, or *similar plan or contract*. . . ."  Iowa Code § 627.6(8)(e) (emphasis added).  The debtor argues that she satisfies the statutory contingency since her asset is in the form of an annuity.

---

[12] This analysis applies to payments on account of age or length of service and not necessarily to those made on account of illness, disability or death.

However, "annuity" is a purely generic term which refers to the method of payment and not to the underlying nature of the asset.

Determining whether an asset satisfies the "similar plan or contract" language is a peculiarly factual inquiry. We mention a number of factors to be considered, but none are necessarily dispositive nor is it a matter of counting the factors on either side. As we mentioned, it is a factual inquiry depending on the particular payments at issue.

### 1. Contributions Over Time

Iowa Code § 627.6(8)(e) is primarily designed to protect those payments which serve as wage substitutes after retirement. Accordingly, the statute targets payments received under pensions, annuities, or "similar" plans or contracts--payments which are the result of periodic payroll deductions or self-directed contributions. Iowa's exemption statute clearly contemplates an *on-going* course of investment and contribution over time. Therefore, the longer the period of participation by the debtor, the more likely the investment falls within the ambit of Iowa Code § 627.6(8)(e). As a corollary, the period between investment and distribution must be of sufficient duration to convince a court that the debtor's participation is the result of a long-standing retirement strategy, not merely a recent change in the nature of the asset.

Under this test, the debtor's lump-sum, accelerated investment is suspect.  In the instant case, the debtor purchased her annuity policy outright, with one lump payment, when she was already seventy-four-years-old.  Furthermore, the debtor began drawing upon her investment less than two months after the purchase date.

## 2. Contributions By Others

Iowa Code § 627.6(8)(e) contemplates not merely multiple contributions, but also multiple *contributors*.  Investments which are purchased in isolation, outside the context of workplace contributions, are less likely to qualify as exempt under Iowa Code § 627.6(8)(e).  Therefore, a court may examine the participant base to determine whether a particular investment satisfies Iowa's exemption statute.

In this case, the debtor did not acquire her asset as a member of an employee pool or in conjunction with employer contributions.  She purchased an investment to which she alone contributed.

## 3. Return On Investment

Courts may also look to the debtor's return when deciding whether a particular investment satisfies Iowa Code § 627.6(8)(e).  For example, an investment which returns only the

11

debtor's initial contribution with earned interest or income--no more and no less--is more likely to be a non-exempt investment. By contrast, investments which compute payments based on the participant's estimated life span, but which terminate upon the participant's death or the actual life span, more closely resemble the exempt investments enumerated in Iowa Code § 627.6(8)(e).

In this case, the terms of the debtor's annuity entitle her to recover only her initial investment plus interest at a rate of ten percent. The debtor cannot enjoy a windfall if she outlives her life expectancy, nor will she be penalized if she dies prematurely.

### 4. Control Over Annuity

Finally, a court should examine the amount of control which the debtor exercises over the claimed exempt asset. If, for example, the investment imposes limitations on the debtor's right to withdrawal, then the asset is more likely to fall within the ambit of Iowa Code § 627.6(8)(e). However, if the debtor has complete discretion to withdraw the entire corpus, then the contract resembles a non-exempt investment.

In this case, the terms of the debtor's annuity were entirely self-directed. The debtor designated the date of disbursement and she enjoyed unfettered discretion to liquidate

the corpus at any time, subject only to contractual penalties assessed against principal. A contractual or tax penalty is not necessarily a limitation on withdrawal.

## B. On Account of Age

Once the bankruptcy court has made a finding that the claimed exempt asset falls within the category of investments enumerated in Iowa Code § 627.6(8)(e), the court must then decide whether payments received pursuant to the investment are in accordance with specific statutory contingencies. To be exempt, payments must be "*on account of* illness, disability, death, age or length of service. . . ." Iowa Code § 627.6(8)(e) (emphasis added).

The Eighth Circuit's opinion in <u>Huebner</u> suggests that only those annuities which contain *express* contractual language conditioning payment on the attainment of a specific age will satisfy the "on account of" requirement: "Huebner could have invested his savings in retirement annuities that prevented him from withdrawing funds prior to his reaching retirement age. . . ." <u>Huebner</u>, 986 F.2d at 1225.

In this case, the debtor's annuity contract contains no language conditioning payment on the annuitant's age. Under the terms of enrollment, the annuitant was free to begin receiving disbursements at any age. Furthermore, the debtor's annuity

payments were not received on account of age, but on a date she specified herself.  According to her own election, the debtor began receiving payments on January 1, 1995.  In other words, the debtor did not begin to receive payments once she attained a specific age (e.g., seventy-five), but only on a specific date--January 1, 1995.[13]

## IV. CONCLUSION

Under the Eighth Circuit's analysis in Huebner and the factors we have set out, the debtor's annuity fails to satisfy Iowa Code § 627.6(8)(e).  The debtor's annuity does not fall within the category of exemptible investments enumerated in Iowa Code § 627.6(8)(e).  Furthermore, the debtor's annuity payments were not payable "on account of" age.  Therefore, we conclude that the debtor's annuity payments are not exempt.  Accordingly, the decision of the bankruptcy court is AFFIRMED.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.

---

[13] Strictly speaking, the payments which the debtor receives are not on account of her age or even the date, but on account of her *investment* in the annuity  See In re Gagne, 166 B.R. 362 (Bankr. D. Minn. 1993) (holding that payments were not on account of age when they were received under an annuity purchased with proceeds from insurance policies).