PER CURIAM:
 

 Wisz seeks review of the district court’s affirmance of an order of the bankruptcy court holding that property of his estate was not exempt. We dismiss for lack of jurisdiction.
 

 I. BACKGROUND
 

 Wisz filed a Chapter 7 bankruptcy petition on October 25, 1982. In February 1983 he received $12,956.56 from a pension and profit sharing plan maintained by his former employer. The trustee of Wisz’s estate learned of this payment and directed the administrator of the' pension and profit sharing plan to pay the trustee the remainder of the amounts owing Wisz. The administrator complied and paid $8,440.85 to the trustee.
 

 On June 27, 1988 Wisz amended his schedule to include the monies received under the plan. He then claimed that these payments were exempt property under Georgia law
 
 [1]
 
 and therefore exempt under federal bankruptcy law.
 
 See
 
 11 U.S.C. § 522(b) (allowing debtor to elect state law exemptions). The trustee objected to this claim of exemption. After a hearing the bankruptcy court held that the payments were not exempt under Georgia law because they were not “reasonably necessary” for the support of appellant and his wife.
 
 [2]
 
 . In the alternative the bankruptcy court ruled that Wisz had waived any right he had to exempt these payments because he had attempted to conceal from the trustee the money he received under the plan. The district court affirmed the bankruptcy court’s decision on both grounds.
 

 II. JURISDICTION
 

 Congress has granted this court jurisdiction over bankruptcy appeals only where the appeal is from a final order.
 
 See Providers Benefit Life Insurance Co. v. Tidewater Group, Inc. (In re Tidewater),
 
 734 F.2d 794, 795 (11th Cir.1984);
 
 International Horizons, Inc. v. Committee of Unsecured Creditors (In re International Horizons),
 
 689 F.2d 996, 1000 (11th Cir.
 
 *764
 
 1982).
 
 [3]
 
 In determining what is a final order in a bankruptcy appeal this court consistently has applied the final-order jurisprudence developed under 28 U.S.C. § 1291.
 
 See In re International Horizons,
 
 689 F.2d at 1000 n. 6. Under this jurisprudence a final order is “one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment.”
 
 Catlin v. U.S.,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911;
 
 In re Tidewater,
 
 734 F.2d at 795-96. Measured against this standard the district court’s affirmance of the decision of the bankruptcy court falls far short of being a final order. Even Wisz does not suggest that the bankruptcy court’s role in this litigation is at an end.
 

 Although the district court’s order is not final within the definition set forth in
 
 Cat-lin
 
 courts in applying 28 U.S.C. § 1291 have fashioned an exception to Catlin’s seemingly absolute language. In
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) the Supreme Court held that a court could review under 28 U.S.C. § 1291 an order that would normally be considered interlocutory if (1) the order is independent from the substance of the other claims in the action, (2) prompt review is necessary to protect important interest of any party; and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations.
 
 See In re Tidewater,
 
 734 F.2d at 796-97.
 

 The order in this case does not fall within the narrow ambit of the
 
 Cohen
 
 doctrine because Wisz has not shown that prompt review is necessary to protect his interests. The bankruptcy court found that Wisz had no immediate need for the money in question, his monthly income met his monthly expenses, and the money he had received directly from the pension plan had been put in a bank account and never used to meet current expenses. These findings are not clearly erroneous.
 
 See U.S. v. Gypsum Co.,
 
 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Thus, Wisz will not be harmed by reserving his appeal on this issue until this court has a final order before it.
 

 The appeal is DISMISSED.
 

 [1]
 

 . Ga.Ann.Code 44-13-100(a)(2)(E) (1982) provides:
 

 [A]ny debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy_ [a] payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor or any dependent of the debtor.
 

 [2]
 

 .
 
 See id.
 

 [3]
 

 . Although these cases were decided under the ■predecessor of 28 U.S.C. 158, we find no evidence either in the language of the statute or in the relevant congressional history indicating that Congress wished to expand this court’s jurisdiction over bankruptcy appeals. In fact, Congress narrowed our jurisdiction by no longer allowing parties, upon mutual agreement, to appeal directly to this court from a final order of the bankruptcy court.
 
 Compare
 
 28 U.S.C. § 158
 
 with
 
 28 U.S.C. § 1293.