_____

No. 94-3189
_____

John A. Cochrane,                       *
                                        *
                Appellant,              *
                                        *
        v.                              *
                                        *
Vaquero Investments; Tudor              * Appeal from the United States
Oaks Condominium;                       * District Court for the
                                        * District of Minnesota
                Appellees.              *
                                        *
Trustee, Brian F. Leonard,              *
                                        *
                Intervenor.             *


_____

        Submitted:  October 16, 1995

          Filed:  February 6, 1996
_____

Before McMILLIAN, BRIGHT and LOKEN, Circuit Judges.
_____


McMILLIAN, Circuit Judge.


    John A. Cochrane (debtor) appeals from an order of the United
States District Court[1] for the District of Minnesota, affirming an
order of the bankruptcy court[2] sustaining objections filed by
creditors to an exemption claimed by debtor for a condominium he
owns in Naples, Florida.  Cochrane v. Vaquero Investments, Inc.,
Civ. No. 4-94-221 (D. Minn. Aug. 4, 1994), aff'g, Bky.

_____

    [1]The Honorable Diana E. Murphy, then Chief United States
District Judge for the District of Minnesota, now United States
Circuit Judge for the Eighth Circuit Court of Appeals.

    [2]The Honorable Gregory F. Kishel, United States Bankruptcy
Judge for the District of Minnesota.

No. 3-93-2056 (Bankr. D. Minn. Jan. 28, 1994) (Order Sustaining Objection to Debtor's Claim of Homestead Exemption).  For reversal, debtor argues that the bankruptcy court erred in holding that the condominium is not exempt from debtor's estate under 11 U.S.C. § 522(b)(2)(B)[3] because it was not his "homestead," within the meaning of Article X, Section 4(a), of the Florida Constitution,[4] at the time he filed his bankruptcy petition.  Debtor further argues that the bankruptcy court abused its discretion in excluding certain evidence at the hearing on the homestead issue and in imposing a final deadline for amending his Schedule C.  For the

_____

[3]11 U.S.C. § 522(b)(2)(B) provides:

>     (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . . Such property is --

>                         . . . .

>     [(2)](B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

[4]Article X, Section 4(a), of the Florida Constitution provides in pertinent part:

>     There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, . . . the following property owned by a natural person:

>         (1)   a homestead, . . . if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family . . . .

reasons discussed below, we dismiss the appeal for lack of jurisdiction.

Procedural history

On December 12, 1992, debtor, an attorney who maintains a law office in St. Paul, Minnesota, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida. His Schedule C claimed an exemption for, among other things, a condominium which he and his wife built in Naples, Florida, in the late 1980s. The condominium is presently valued at approximately $350,000. Debtor claimed this exemption under 11 U.S.C. § 522(b)(2)(B) and Article X, Section 4(a) of the Florida Constitution. Creditors objected on grounds that the condominium was not debtor's homestead within the meaning of the Florida constitutional homestead provision, as interpreted by the Florida state courts.

On February 18, 1993, the Florida bankruptcy court ordered a change of venue and transferred the case to the bankruptcy court for the District of Minnesota. On November 18, 1993, a hearing was held in the Minnesota bankruptcy court on the homestead exemption issue and other related matters. Upon review of the evidence, the bankruptcy court sustained the creditors' objection to debtor's homestead exemption claim. In re Cochrane, Bky. No. 3-93-2056 (Bankr. D. Minn. Jan. 28, 1994) (Order Sustaining Objection to Debtor's Claim of Homestead Exemption). The bankruptcy court found that debtor neither occupied the condominium as his bona fide home nor manifested a bona fide present intent to occupy the condominium as his home, at the time he filed for bankruptcy. Id. at 16, 20. The bankruptcy court also found, based upon the evidence, that debtor continued to use a residence in St. Paul as his true home, despite the fact that a few years earlier he had transferred his legal interest in the St. Paul house to his wife. Id. at 18.

Thus, the bankruptcy court held that the condominium was not debtor's "homestead" within the meaning of Article X, Section 4(a) of the Florida Constitution on the date the bankruptcy case was originally filed. Id. at 21. In another order issued on the same day, the bankruptcy court addressed debtor's eleventh-hour assertion -- as an alternative basis for exempting the condominium from the bankruptcy estate under § 522(b)(2)(B) -- that he held his interest in the condominium as a tenant by the entirety under Florida law. In re Cochrane, Bky. No. 3-93-2056 (Bankr. D. Minn. Jan. 28, 1994) (Order Re: Status of Debtor's Claims of Exemption, and Objections Thereto). On this issue, the bankruptcy court noted that debtor had offered no evidence to demonstrate the existence of a tenancy by the entirety, nor had he even alleged the existence of the requisite elements. Id. at 4-7. The bankruptcy court then permitted debtor an opportunity to amend his Schedule C to clarify his claim of tenancy by the entirety and to submit, on or before February 18, 1994, a final list of all such claimed exemptions. Id. at 8. The bankruptcy court also issued a third order on January 28, 1994, addressing claims of exemption made by debtor for assets not in issue in the present appeal and barring debtor from further amending his Schedule C after February 18, 1994. In re Cochrane, Bky. No. 3-93-2056 (Bankr. D. Minn. Jan. 28, 1994) (Order Sustaining Objections to Debtor's Claim of Exemptions). Debtor appealed the three bankruptcy court orders of January 28, 1994, to the district court, pursuant to 28 U.S.C. § 158(a). The district court affirmed the bankruptcy court's orders. Cochrane v. Vaquero Investments, Inc., Civ. No. 4-94-221 (D. Minn. Aug. 4, 1994) (order). Debtor then filed the present appeal to this court, pursuant to 28 U.S.C. § 158(d).

In the meantime, on February 15, 1994, the bankruptcy court converted the bankruptcy case to a case under Chapter 7 for cause, based upon findings that debtor had breached his fiduciary duty and caused unreasonable delay. Shortly thereafter, the trustee was

-4-

appointed.[5]  Debtor filed an amended Schedule C within the February 18, 1994, submission deadline.  His amended Schedule C asserted that, at the time he filed for bankruptcy, he held the condominium (among other assets) as a tenant by the entirety with his wife, which, he argued was a basis for a § 522(b)(2)(B) exemption under Florida law.  The trustee objected.  On April 18, 1994, the bankruptcy court held a hearing on the amended Schedule C and the trustee's objections thereto, and took the matter under advisement.  On January 30, 1995, the bankruptcy court entered an order sustaining the trustee's objection with respect to the condominium.  In re Cochrane, Bky. No. 3-93-2056 (Bankr. D. Minn. Jan. 30, 1995) (Order Sustaining Objections to Debtor's Claim of Exemption in Certain Florida Real Estate).  The bankruptcy court held that debtor's interest in the condominium was not exempt, immune, or excluded from debtor's bankruptcy estate under the Florida law of tenancy by the entirety and that debtor's interest in the condominium was an asset of the estate which the trustee could proceed to administer.  Id. at 18-19.  Debtor appealed the bankruptcy court's January 30, 1995, order to the district court, where that appeal is currently pending.  As a consequence, the litigation over the exempt status of the condominium has been bifurcated: the issues raised by debtor's homestead exemption claim are now before this court on appeal from the district court while the issues raised by debtor's tenancy by the entirety exemption claim remain pending before the district court.

Jurisdiction under 28 U.S.C. § 158(d)

At oral argument, on October 16, 1995, we questioned counsel regarding the basis for our jurisdiction under 28 U.S.C. § 158(d) and invited counsel to submit supplemental memoranda stating their

---

[5]Since the trustee was appointed, the creditors have allowed the trustee to represent their interests in opposing debtor's exemption claims.

positions on the jurisdictional issue.  The trustee submitted a memorandum to the court on December 15, 1995, urging dismissal of the appeal for lack of jurisdiction.

In bankruptcy cases, jurisdiction in the district courts and in the courts of appeals is governed by 28 U.S.C. § 158. Subsection (a), addressing the district court's appellate jurisdiction, provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals[:]
>
>> (1) from final judgments, orders, and decrees;
>>
>> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>>
>> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Our jurisdiction to hear bankruptcy appeals from the district courts is, however, more limited.  Subsection (d) of § 158 provides "[t]he courts of appeals shall have jurisdiction of appeals from all _final_ decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."  (Emphasis added.)

In interpreting § 158(d), this court has explained that

> [t]he factors used in deciding the finality of a bankruptcy order are the extent to which (1) the order

-6-

> leaves the bankruptcy court nothing to do but execute
> the order; (2) delay in obtaining review would prevent
> the aggrieved party from obtaining effective relief; and
> (3) a later reversal on that issue would require
> recommencement of the entire proceeding.

In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir. 1989) (cited in In re Huebner, 986 F.2d 1222, 1223 (8th Cir.), cert. denied, 114 S. Ct. 272 (1993)). In Heubner, this court considered the finality requirement of § 158(d) in the context of orders granting or denying exemptions and noted that, although such orders are technically interlocutory, "[n]early every circuit to consider the question has held that an order granting or denying an exemption is final for purposes of § 158(d) or its predecessor statute." 986 F.2d at 1223. However, this court also observed that "[f]inality for bankruptcy purposes is a complex subject" and "the test for finality under § 158(d) must take into account the peculiar needs of the bankruptcy process." Id. While in many cases, as in Huebner, the peculiar needs of the bankruptcy process dictates that it is both prudent and necessary to treat a bankruptcy court's exemption decision as final, such is not the case here for the simple reason that the orders of the bankruptcy court presently on appeal do not conclusively resolve the issue of whether the property in question is or is not exempt from debtor's bankruptcy estate. Cf. Lewis v. United States Farmers Home Admin., 992 F.2d 767, 773 (8th Cir. 1993) ("[t]his court has held bankruptcy decisions which resolve singular disputes in isolated, separate adversary proceedings affecting only one aspect of the bankruptcy estate to be final"). The bankruptcy court's order of January 30, 1995, rejecting debtor's tenancy by the entirety argument, is still pending before the district court. Therefore, it cannot be said that the orders of January 28, 1994, leave the bankruptcy court nothing to do but execute them; that delay in obtaining review would prevent debtor from obtaining effective relief; or that a later reversal on the homestead exemption issue would require recommencement of the entire proceeding. To the contrary, an

affirmance of the January 28, 1994, order holding that the condominium does not qualify for the homestead exemption would have no practical consequences unless and until there is a final decision on the tenancy by the entirety exemption issue as well.

In sum, neither judicial economy nor our statutory authority under § 158(d) permits the piecemeal litigation that will result if we prematurely consider the issues raised in this appeal. Therefore, we hold that we lack jurisdiction under 28 U.S.C. § 158(d) to decide the present appeal, and we dismiss it without prejudice to debtor's right to refile his appeal from the district court's August 4, 1994, order in a timely manner upon a final decision by the district court concerning the exempt status of the condominium.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.