Larry Eugene **DARBY**, Debtor/Appellant,

v.

Tom McGREGOR, Trustee, Appellee.

Civ. A. No. 97–D–0859–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 18, 1997.

Earl Gillian, Jr., Montgomery, AL, for Debtor/Appellant.

Earl Terry Brown, Montgomery, AL, for Trustee/Appellee.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is before the court on appellee Tom McGregor's ("Trustee") motion to dismiss filed June 24, 1997. The Trustee filed this motion in response to debtor/appellant's Larry Eugene Darby's ("Darby") Notice of Appeal, filed with the United States District Court on June 2, 1997. In his motion, the Trustee argues that Darby's appeal is an appeal of a non-final order and is due to be dismissed because Darby failed to obtain leave of the court before filing his interlocutory appeal. In a response filed July 2, 1997, Darby argues that he is appealing a final order to the Trustee's motion to dismiss and therefore no leave of court is required. Alternatively, Darby requests the court dismiss his appeal without prejudice. The Trustee filed a reply to Darby's "answer" on July 10, 1997. After careful consideration of the arguments of counsel, the case law, and the record as a whole, the court finds that the Trustee's motion to dismiss is due to be granted.

## BACKGROUND

On September 12, 1996, Darby filed a petition for relief under Chapter 7 of the Bankruptcy Code. During the pendency of the bankruptcy, Darby attempted to claim two prepaid college tuition contracts as exempt property under § 19–3–1 of the *Alabama Code*. However, the United States Bankruptcy Court for the Middle District of Alabama issued an order on April 8, 1997, disallowing the exemption. The trustee subsequently filed a motion for turnover of the non-exempt property. Darby now appeals the Bankruptcy Court's decision.

After Darby filed his Notice of Appeal, Darby's father, E. Eugene Darby, filed a motion in the Bankruptcy Court requesting

permission to intervene, claiming that the funds in controversy are actually a trust established by E. Eugene Darby. On July 7, 1997, the Bankruptcy Court granted E. Eugene Darby's motion to intervene and set a briefing schedule on the matter. Additionally, the Bankruptcy Court stayed its order disallowing the exemption pending appeal.

## DISCUSSION

A district court has appellate jurisdiction over the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), which provides that:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders and decrees;
> >
> > (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> >
> > (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 147 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

In the instant action, Darby contends the Bankruptcy Court's order disallowing the exemption of the prepaid college tuition contracts is a final order and, therefore, leave to appeal is not required. The Trustee, on the other hand, argues that the Bankruptcy Court's order was not a final order and, therefore, leave to appeal is required.

■■■ "The requirement of finality is essential to avoid piecemeal review, inconvenience and unnecessary costs." *In re Red Carpet Corp.,* 902 F.2d 883, 890 (11th Cir.1990)(quoting *In re Miscott Corp.,* 848 F.2d 1190, 1193 (11th Cir.1988)). Generally, a final order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *In re Wisz,* 778 F.2d 762, 764 (11th Cir.1985)(quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945)). The Eleventh Circuit has cautioned, however, that "a decision does not have to be the last order that can possibly be made" before it can be deemed final. *In re Red Carpet,* 902 F.2d at 890.

Most of the circuits which have reviewed the issue have concluded that most exemption decisions are final orders. *See In re Huebner,* 986 F.2d 1222, 1223 n. 3 (8th Cir.1993)(citing cases holding exemption decisions to be final for purposes of § 158); *but see Wisz,* 778 F.2d 762 (holding exemption decision was not final order). Those circuits have reasoned that although they are technically interlocutory, exemption decisions should be treated as final decisions because they "can determine the entire course of the bankruptcy proceeding." *Id.* (quoting *In re Barker,* 768 F.2d 191, 193–94 (7th Cir.1985)). This general principle notwithstanding, the Eighth Circuit has also noted that "finality for bankruptcy purposes is a complex subject" and "the test for finality under § 158[] must take into account the peculiar needs of the bankruptcy process." *Cochrane v. Vaquero Investments,* 76 F.3d 200, 203–04 (8th Cir.1996)(quoting *In re Apex Oil Co.,* 884 F.2d 343, 347 (8th Cir.1989)). In *Cochrane,* for instance, the Eighth Circuit found an exemption decision was not final where the decision would not "conclusively resolve the issue of whether the property in question [was] or [was] not exempt from debtor's bankruptcy estate." *Id.*

■■■ In reviewing the unusual posture of the instant appeal, i.e., prior to an eleventh-hour intervention, the court finds that the Bankruptcy Court's decision to disallow the exemption of the prepaid college tuition contracts will not end the question of whether the contracts are to be considered part of Darby's estate. Accordingly, the court finds that the Bankruptcy Court's exemption decision is not a final order. Additionally, the court notes that this determination is in accord with the Eleventh Circuit's holding in *Wisz,* where the court determined that the district court's affirmance of the bankruptcy court's order disallowing an exemption did

not constitute a final order for appeal purposes.[1]  778 F.2d at 764.

In interpreting § 158, the Eleventh Circuit has stated that a court may review an order that would normally be considered interlocutory if "(1) the order is independent from the substance of the other claims in the action, (2) prompt review is necessary to protect important interests of any party;  and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical considerations." *Wisz,* 778 F.2d at 764 (citing *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).  The court finds that Darby has failed to show that the order is independent from the substance of the other claims in his action or that prompt review is necessary in order to protect his interests.  Accordingly, the court finds that the Trustee's motion to dismiss is due to be granted.

### CONCLUSION

Based on the foregoing, it is CONSIDERED and ORDERED that the Trustee's motion to dismiss be and the same is hereby GRANTED without prejudice.

---

**1.** The Eleventh Circuit Court of Appeals has recognized that the same principles regarding finali-
ty apply to both 28 U.S.C. § 158 and 28 U.S.C. § 1291.  *In re Red Carpet,* 902 F.2d at 890 n. 5.