[ DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10289
Non-Argument Calendar

_____

D.C. Docket No. 8:11-cv-02584-VMC,
Bkcy No. 8:10-bk-14527-CPM

In Re: JAMES V. UTTERMOHLEN,

Debtor.

_____

TRACI K. STEVENSON,

Plaintiff- Appellant,

versus

JAMES V. UTTERMOHLEN,

Defendant -Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 9, 2013)

Before BARKETT, MARCUS, and HILL, Circuit Judges.

PER CURIAM:

This appeal involves debtor James V. Uttermohlen's (Uttermohlen) filing under Chapter 7 of the Bankruptcy Code in 2010, seeking to discharge approximately $40,000.00, in unsecured, non-priority liabilities.[1]  On his Schedule C, Uttermohlen filed a Schedule C exempt asset claim to a "2010 Tax Refund," in an amount to be determined, under Florida law.  Uttermohlen later amended his Schedule C to claim that the amount was $10,668.00, and by definition was exempt as tenancy-by-the-entireties property under 11 U.S.C. § 522(b)(3)(B), as well as Florida law.

Bankruptcy trustee Traci K. Stevenson (Trustee) objected on three grounds: (1) that the refunded tax contributions solely related to Uttermohlen's income, business income, and losses; (2) that the non-filing spouse does not work outside the home; and, (3) that the 2010 Tax Refund is not tenancy-by-the-entireties property and should be apportioned according to each spouse's' income contribution.

---

[1] There was a jurisdictional issue in this appeal that was carried with the case.  Upon review, we find that the order of the district court, affirming the bankruptcy court order overruling the Trustee's objection to an exemption claimed under 11 U.S.C. § 522(b)(3)(B), is a final and appealable order.  *See Wisz v. Moister (in the Matter of Wisz)*, 778 F.2d 762, 764 (11th Cir. 1985); *Growth Realty Cos. v. Regency Woods Apts. (In re Regency Woods Apts.)*, 686 F.2d 899, 902 (11th Cir. 1982).

2

After two hearings, the bankruptcy court overruled the Trustee's Objection to Debtor's Claim of Exemptions in 2011.  The bankruptcy court found that all unities required to own property as tenants-by-the-entireties existed on the date that Uttermohlen filed bankruptcy, and that therefore the tax refund was properly claimed as exempt property.

The Trustee appealed to the district court.  In a well-reasoned, thorough opinion, the district court affirmed the ruling of the bankruptcy court.  We have reviewed the record in this appeal, the briefs, and the arguments of counsel.  Finding no error, we affirm the judgment of the district court.

AFFIRMED.