[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11457
_____

D.C. Docket No. 2:13-cv-00171-SPC,
Bkcy No. 9:12-bkc-02265-FMD


In Re: Michael Valone,
        a.k.a. Michael K. Valone,
        a.k.a. Michael Keith Valone,
        Kristie Valone,
        a.k.a. Kristie N. Valone,
        a.k.a. Kristie Noel Valone,

                                                    Debtors,
_____


MICHAEL VALONE,
a.k.a. Michael K. Valone,
a.k.a. Michael Keith Valone,
KRISTIE VALONE,
a.k.a. Kristie N. Valone,
a.k.a. Kristie Noel Valone,

                                                    Plaintiffs - Appellants,

versus

JON WAAGE,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2015)

Before WILSON, FAY, and RIPPLE,[*] Circuit Judges.

WILSON, Circuit Judge:

This is an appeal from a district court order affirming a bankruptcy court's disallowance of an exemption claimed by Michael and Kristie Valone in their Chapter 13 bankruptcy petition. The Chapter 13 trustee, Jon Waage, objected to their personal property exemption, arguing that, as homeowners filing under Chapter 13 of the Bankruptcy Code, the Valones were ineligible for the exemption. The bankruptcy and district courts agreed. We reverse the district court and remand with instructions to remand to the bankruptcy court for proceedings consistent with this opinion.

I.

The Valones are Florida residents who filed jointly for bankruptcy under Chapter 13 of the Bankruptcy Code. In their petition, they claimed exemptions for personal property under section 222.25(4) of the Florida Statutes,[1] known as the

_____

[*] Honorable Kenneth F. Ripple, United States Circuit Judge for the Seventh Circuit, sitting by designation.

[1] In Florida, exemptions available to bankruptcy debtors are governed by state law. *See* 11 U.S.C. § 522(b); Fla. Stat. § 222.20.

"wildcard" exemption.  The wildcard exemption permits a debtor to exempt from legal process "[a] debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution."  Fla. Stat. § 222.25(4).  At the date of their petition, the Valones owned a home, but they did not claim the homestead exemption in their petition, presumably because they had no equity in the home.

Waage objected to the Valones' wildcard exemption claim, arguing that because Chapter 13, like the homestead exemption, protects debtors' homes, debtors who file under Chapter 13 receive the benefits of the homestead exemption.[2]  The bankruptcy court sustained the objection.  In the bankruptcy court's memorandum opinion sustaining the objection, it cited *Osborne v. Dumoulin*, 55 So. 3d 577 (Fla. 2011).  In *Osborne*, the Florida Supreme Court answered a question certified to it by this court and held that a debtor may still receive the benefits of the homestead exemption without claiming it on the bankruptcy petition, rendering the debtor ineligible for the wildcard exemption.

---

[2] In bankruptcy, the automatic stay protects the debtor's assets from execution by creditors and is effective when the petition is filed.  11 U.S.C. § 362(a).  The stay generally remains in effect until discharge of the debtor's debts.  *Id.* § 362(c).  In Chapter 7, discharge occurs after liquidation of assets in the estate and payment of creditors.  *Id.* §§ 725–727.  In Chapter 13, there is no liquidation—the debtor simply pays creditors on a modified payment plan—and discharge occurs "as soon as practicable after completion by the debtor of all payments under the plan."  *Id.* § 1328(a); *see id.* § 1322 (listing plan contents).  Thus, in Chapter 13 cases, unsecured creditors never have the chance to force a liquidation of debtors' assets to satisfy their claims.

*See id.* at 589–90.  After citing *Osborne*, the bankruptcy court then noted that federal courts applying *Osborne*

> have uniformly ruled that a Chapter 7 debtor who intends to retain his residence does not receive the benefit of the homestead exemption if he has not claimed the residence as exempt and there is no other impediment to the Chapter 7 trustee's administration of the residence as an asset of the estate.

The bankruptcy court concluded that the Valones' election of Chapter 13, like the homestead exemption, constituted an impediment to the trustee's administration of the residence.  Therefore, according to the bankruptcy court, because the Valones received the benefits of the Chapter 13 automatic stay, they received the benefits of the homestead exemption.

The Valones appealed to the district court pursuant to 28 U.S.C. § 158(a).  During the pendency of the appeal in the district court, the bankruptcy court confirmed the Valones' plan after they amended it to exclude the wildcard exemption.  The district court affirmed the bankruptcy court's disallowance of the wildcard exemption, largely adopting the bankruptcy court's analysis.  The order referenced the confirmation and directed the clerk "to terminate any pending motions and close the file."

We hold, in accordance with the Florida Supreme Court's holding in *Osborne*, that the filing of a petition under Chapter 13 of the Bankruptcy Code by a Florida debtor who owns, or debtors who own, homestead property does not

foreclose the availability of Florida's wildcard exemption to that debtor or those debtors. Courts should consider the facts of each case to determine whether it is the Florida homestead exemption or some other source that protects the residence from forced sale. Under the facts presented in this appeal, the Valones' residence was protected from creditors by the Bankruptcy Code's automatic stay, not by the homestead exemption, and they are accordingly eligible to claim the wildcard exemption.

## II.

We first consider whether we have jurisdiction to reach the merits of this appeal. Our precedent dictates that, generally, a district court order affirming the bankruptcy court's disallowance of an exemption is not final and thus does not fall within our appellate jurisdiction. *See Wisz v. Moister (In re Wisz)*, 778 F.2d 762, 763–64 (11th Cir. 1985) (per curiam). Like *Wisz*, this is an appeal from a district court order affirming a disallowance of an exemption by the bankruptcy court. Unlike *Wisz*, however, the district court order was final, and we accordingly have jurisdiction to consider it.

In *Wisz*, we applied the Supreme Court's definition of a final order—one that "'ends the litigation on the merits and leaves nothing for the court to do but execute [the] judgment'"—in concluding that the district court order in that case did not fall within our appellate jurisdiction. *See id.* at 764 (quoting *Catlin v.*

5

*United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945)).  Because the bankruptcy court still had to take further action to complete Wisz's bankruptcy case, the district court's affirmance simply sent the case back to the bankruptcy court.  *See id.* at 763–64.  Thus, it did not meet the definition of a final, appealable order.  *See id.* at 764.

Here, however, the bankruptcy court confirmed the Chapter 13 plan, which is a final order, before the district court affirmed.  *See Whaley v. Tennyson (In re Tennyson)*, 611 F.3d 873, 875 (11th Cir. 2010).  The district court order expressly referenced the confirmation.  Moreover, the district court order directed the clerk "to terminate any pending motions and close the file."  The posture here, then, is very similar to that present in *Tennyson*, the difference being that *Tennyson* involved an appeal from confirmation, while we currently have a district court order that effectively affirmed the confirmation despite the lack of an appeal directly from that confirmation order.  *See id.* at 875.  Based on these indicia of finality, it is clear that the district court order "end[ed] the litigation on the merits and [left] nothing for the court to do but execute [the] judgment."  *See Wisz*, 778 F.2d at 764 (internal quotation marks omitted).  Therefore, we will consider the merits of this appeal.

III.

6

Because the parties do not dispute the facts, whether the Valones received the benefits of the homestead exemption and are consequently barred from asserting the wildcard exemption is a question of law we review de novo. *See Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.)*, 309 F.3d 1325, 1328–29 (11th Cir. 2002).

When construing the language of a statute, we "begin[] where all such inquiries must begin: with the language of the statute itself," and we give effect to the plain terms of the statute. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989); *Osborne*, 55 So. 3d at 581. The wildcard exemption exempts "[a] debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." Fla. Stat. § 222.25(4). The parties' dispute centers on the meaning of the phrase "receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." It is exceedingly clear that this phrase is triggered only if the homestead exemption—and the homestead exemption alone—protects the debtor's home from creditors. Because the homestead exemption does not reference Chapter 13, the Bankruptcy Code, federal law, or any other source that might implicate Chapter 13, receiving the protection of the automatic stay and discharge simply cannot trigger the limiting phrase.

7

The bankruptcy court's holding to the contrary is likely rooted in the language in *Osborne* noting the possibility that a debtor who does not claim the homestead exemption may yet receive its benefits. *See* 55 So. 3d at 589. Nothing in that opinion, however, would extend the potential for receiving benefits to situations—like this one—where the protection of the home emanates from a source other than the homestead exemption. In fact, the Court clearly ruled out disallowance under § 222.25(4) when the protection comes from any source besides the homestead exemption: "[I]f under the facts of the case *the article X homestead exemption* does not otherwise present an obstacle to the bankruptcy trustee's administration of the estate, then the debtor in bankruptcy is not receiving the benefits of the homestead exemption and is eligible to claim the [wildcard exemption]." *See id.* at 590 (emphasis added).

Moreover, the example cited by the Florida Supreme Court drives the point home. That example involved a debtor who indirectly received the benefits of the homestead exemption through his nondebtor spouse's retention of the right to exercise the homestead exemption. *See id.* at 589. This example reinforces the straightforward command of § 222.25(4) that requires protection from the homestead exemption for a debtor to be ineligible for the wildcard exemption.

Alternatively, Waage argues, because the homestead exemption is "self-executing," *see id.* at 582–83, 585, 587, the very act of owning a home that

8

constitutes homestead property under the Florida Constitution may make a debtor ineligible for the wildcard exemption.  Though the Florida Supreme Court rejected such an understanding of § 222.25(4) as it applies to bankruptcy debtors, *see id.* at 587, that opinion addressed Chapter 7 debtors.  Chapter 7 typically results in liquidation of non-exempt assets, including homesteads in cases where the homestead exemption is not claimed.  On the other hand, Chapter 13 is designed to permit debtors to keep their assets, including their homes, so long as they complete their payment plans.

When a debtor files for bankruptcy, all of the debtor's property becomes property of the bankruptcy estate.  11 U.S.C. § 541.  The debtor may affirmatively exempt certain property from the estate, including property that is exempt under the law of the debtor's domicile.  *Id.* § 522(b)(1), (b)(3)(A).  In other words, if the debtor fails to claim an exemption, the property remains in the estate and is subject to administration by the trustee.  *Osborne*, 55 So. 3d at 588.These considerations led the Florida Supreme Court to conclude that

> the additional step of actual abandonment of the real property or an expression of intent to abandon the homestead is not required to bring the debtor within the category of those debtors who do not claim or receive the benefits of . . . [the] homestead exemption. . . . [W]hen the real property which has been occupied by a debtor as his homestead becomes subject to administration by the bankruptcy trustee, the debtor has lost the benefits of the homestead exemption.

9

*Id.* (internal quotation marks omitted).  Because the debtor loses the benefits of the homestead exemption by subjecting his home to the trustee's administration, he is eligible for the wildcard exemption.  It makes no difference whether the debtor elects Chapter 7 or Chapter 13.  In either situation, the debtor may decline to claim the homestead exemption.

Implicit in Waage's argument, however, is the assertion that, because Chapter 13 protects a debtor's home until conclusion of the case, the homestead exemption survives and is present throughout bankruptcy, even if the automatic stay is what is protecting the home when the debtor files.  This, however, does not distinguish Chapter 13 from Chapter 7 in any meaningful way.  Under Florida law, the relevant period for determining whether a debtor receives the benefits of the homestead exemption is "the period when the debtor asserts the personal property exemption."  *Id.* at 588.  "Accordingly, whether a debtor in bankruptcy could claim the homestead exemption, previously received the benefits of the homestead exemption, or may receive such protection after discharge from bankruptcy does not constitute receiving the benefits of the article X homestead exemption within the meaning of the personal property exemption."  *Id.* at 588–89.  In other words, the fact that the homestead exemption becomes effective after the bankruptcy case closes is irrelevant.

10

Moreover, even if the relevant period were extended beyond case closure, any distinction between Chapters 7 and 13 remains immaterial.  In either case, if the debtor retains ownership of the homestead after the close of the bankruptcy case, the homestead exemption continues to protect the home from creditors after the case is closed.  Said differently, whether the debtor files under Chapter 7 or 13, the homestead exemption lies dormant during the bankruptcy case, and its protections reactivate after the case closes should the debtor retain ownership of the residence.  *See id.* at 582–83 (describing the self-executing nature of the homestead exemption).

Ultimately, where a bankruptcy debtor does not expressly claim the homestead exemption, he must receive the homestead exemption's protection to be ineligible for the wildcard exemption.  *See id.* at 589.  Courts must determine, based on the facts of each case, whether a debtor who does not claim the homestead exemption on his bankruptcy petition still receives the homestead exemption's benefits.  *Id.*  Such a situation may arise, for example, where a married debtor does not claim the homestead exemption in his petition but his "nondebtor spouse retain[s] the right to the homestead exemption."  *Id.*  Thus, the debtor must receive his protection against creditors *from the homestead exemption*, even if that protection is indirect, to be ineligible for the wildcard exemption; similar protection from any other source is insufficient.

11

Finally, the purpose of exemptions in Chapter 13 mandates like treatment in both Chapters 7 and 13. Chapter 13 requires the debtor to pay to creditors an amount equal to or greater than the amount those creditors would receive in a Chapter 7 liquidation. 11 U.S.C. § 1325(a)(4). This "liquidation test" accounts for exemptions applicable in Chapter 7 to calculate that amount. If we were to side with Waage, the amount calculated under the Chapter 13 liquidation test would exceed the amount the Valones' creditors would receive from liquidation. Waage's interpretation of § 222.25(4), then, contravenes not just the plain language of that statute; it would also defeat one of the basic tenets of Chapter 13.

Section 222.25(4) is clear. The wildcard exemption is available to debtors as long as they do not claim or receive the benefits of the homestead exemption. It is irrelevant that a debtor receives protection from other sources, including Chapter 13. Therefore, the Valones did not claim or receive the benefits of the homestead exemption, and we reverse and remand to the district court with instructions to remand to the bankruptcy court for proceedings consistent with this opinion.

**REVERSED and REMANDED.**