[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12068
_____

Agency No. A088-920-176

JUAN CARLOS ALFARO-GARCIA,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 30, 2020)

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

LAGOA, Circuit Judge:

This appeal requires this Court to reconcile two immigration statutes—8

U.S.C. § 1229a(c)(7) and 8 U.S.C. § 1231(a)(5). Juan Carlos Alfaro-Garcia petitions

this Court for review of the Board of Immigration Appeals' ("BIA") final order affirming the immigration judge's denial of his motion to reopen his removal proceedings. Alfaro-Garcia argues that the BIA's decision conflicts with his statutory right under § 1229a(c)(7) to "file one motion to reopen proceedings." Section 1231(a)(5), however, provides that if an alien illegally reenters the United States after having been removed, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed" and the alien "is not eligible and may not apply for any relief under this chapter." Because § 1231(a)(5) unambiguously bars the reopening of a reinstated removal order where the alien has illegally reentered the United States following his removal, we deny the petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Alfaro-Garcia, a native and citizen of Mexico, entered the United States without inspection at an unknown place on an unknown date.[1] On November 20, 2007, the State of Florida charged Alfaro-Garcia with the following three offenses: (1) committing a battery on a law enforcement officer (a felony offense); (2) driving with a suspended license; and (3) resisting an officer without violence. Alfaro-Garcia was adjudicated guilty of these offenses and sentenced to a term of imprisonment of 180 days.

---

[1] In his motion to reopen, Alfaro-Garcia claims that he initially entered the United States in July 1996.

2

On March 4, 2008, the Department of Homeland Security ("DHS") personally served Alfaro-Garcia with a Notice to Appear, charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as "an alien present in the United States without being admitted or paroled" and ordered him to appear before an immigration judge.   On August 5, 2008, Alfaro-Garcia entered a "Stipulated Request for Order of Removal and Waiver of Hearing" (the "Stipulated Request").  In the Stipulated Request, Alfaro-Garcia agreed that: (1) he "voluntarily and knowingly" entered into the stipulation; (2) he received the Notice to Appear; (3) he was advised of his right to be represented by counsel; (4) he was not a United States citizen; (5) he understood he had a right to a hearing before an immigration judge, waived that right, and requested that his removal proceeding be conducted based on the written record without a hearing; (6) he requested removal; (7) he admitted all the factual allegations in the Notice to Appear; (8) he would not apply for any relief from removal; (9) he waived his right to appeal the written decision; and (10) he read the entire document, understood its consequences, and entered into it "voluntarily, knowingly, and intelligently."  Alfaro-Garcia also signed a copy of the document translated into Spanish.

On August 8, 2008, the immigration judge ordered Alfaro-Garcia removed from the United States to Mexico based on the Stipulated Request.  On August 12, 2008, DHS removed Alfaro-Garcia from the United States to Mexico.  According to

Alfaro-Garcia, he illegally reentered the United States in November 2008 and has continuously resided in the country since his illegal reentry. When Alfaro-Garcia's wife filed an I-130 Petition for Alien Relative, DHS learned that Alfaro-Garcia was living in the United States.

On April 23, 2018, DHS issued a "Notice of Intent/Decision to Reinstate Prior Order," which alleged that Alfaro-Garcia illegally reentered the United States on an unknown date. On that same day, DHS reinstated the prior 2008 order of removal.

On August 9, 2018, Alfaro-Garcia filed a motion to reopen his removal proceedings. In his motion, Alfaro-Garcia argued that reopening the removal proceeding was warranted based on two grounds: (1) conditions in Mexico had changed since his order of removal to warrant reopening of the proceedings; and (2) he was eligible for cancellation of removal, and therefore the immigration judge should *sua sponte* reopen the proceedings. Attached to his motion was the 2017 Human Rights Report for Mexico, an application for cancellation of removal and adjustment of status for certain nonpermanent residents, and his arrest records. On August 24, 2018, the immigration judge granted the motion to reopen on the basis that DHS had not filed a response to the motion.

On August 31, 2018, DHS filed a motion to reconsider the immigration judge's order, arguing that it was not properly served with Alfaro-Garcia's motion to reopen, that Alfaro-Garcia's motion was not timely filed, that the immigration

4

judge should not exercise its *sua sponte* powers to reopen the case, and that Alfaro-Garcia failed to establish he was eligible for relief. On September 12, 2018, the immigration judge granted DHS's motion to reconsider, explaining that the immigration judge was unaware that Alfaro-Garcia had reentered the United States illegally after being removed to Mexico pursuant to the stipulated order of removal and that DHS had executed a Notice of Intent/Decision to Reinstate Prior Order of Removal against Alfaro-Garcia. As the immigration judge determined that he lacked jurisdiction to reopen the proceedings, the August 24, 2018, order was rescinded.

Alfaro-Garcia appealed the immigration judge's decision to the BIA. On May 1, 2019, the BIA dismissed the appeal, concluding that "once the Immigration Judge was made aware that the DHS was reinstating the respondent's August 8, 2008, stipulated order of removal, the Immigration Judge was statutorily precluded from exercising jurisdiction over the respondent's motion to reopen" pursuant to 8 U.S.C. § 1231(a)(5). The BIA also addressed Alfaro-Garcia's claim that he feared returning to Mexico, finding that because Alfaro-Garcia had never undergone a reasonable fear interview with a DHS officer, his remedy was to request one from DHS. Additionally, the BIA found that Alfaro-Garcia did not establish a "gross miscarriage of justice," as he failed to demonstrate that he was not removable when he waived his right to a hearing before an immigration judge and failed to timely appeal his removal order. This timely petition for review ensued.

5

## II.    STANDARD OF REVIEW

"We review the [BIA's] denial of a motion to reopen removal proceedings for abuse of discretion." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (alteration in original) (quoting *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007)). "The BIA abuses its discretion when it misapplies the law in reaching its decision . . . [or] by not following its own precedents without providing a reasoned explanation for doing so." *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013). However, "[t]o the extent that the decision of the [BIA] was based on a legal determination, our review is *de novo*." *Li*, 488 F.3d at 1374. "The moving party bears a heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Zhang*, 572 F.3d at 1319 (citation omitted). Additionally, our review is limited to the BIA's decision, except to the extent that it expressly adopts the immigration judge's opinion. *See id.*

## III.   ANALYSIS

In his petition, Alfaro-Garcia contends that the BIA's decision to not reopen his removal proceedings conflicts with his statutory right, under 8 U.S.C. § 1229a(c)(7), to file at least one motion to reopen and that 8 U.S.C. § 1231(a)(5) does not preempt that right.[2]

---

[2] Alfaro-Garcia does not challenge DHS's reinstatement of his prior order of removal.

Our analysis begins with the plain language of the two statutes. *See United States v. Zuniga–Arteaga*, 681 F.3d 1220, 1223 (11th Cir. 2012). The fundamental principle governing any exercise in statutory interpretation is that "we 'begin[] where all such inquiries must begin: with the language of the statute itself,' and we give effect to the plain terms of the statute." *In re Valone*, 784 F.3d 1398, 1402 (11th Cir. 2015) (alteration in original) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). Under § 1229a(c)(7), an alien generally "may file one motion to reopen proceedings" within ninety days of the date of entry of a final order of removal. However, § 1231(a)(5) provides that

> [i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, *the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed*, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

(emphasis added). The plain language of § 1231(a)(5) unambiguously bars the reopening or review of a reinstated removal order where an alien—like Alfaro-Garcia—has illegally reentered the United States following his removal.

Alfaro-Garcia, nonetheless, argues that under § 1229a(c)(7) and this Court's decision in *Jian Le Lin v. United States Attorney General*, 681 F.3d 1236 (11th Cir. 2012), he is guaranteed the right to file at least one motion to reopen. In *Jian Le Lin*, this Court determined that Congress, in enacting the Illegal Immigration Reform and

7

Immigrant Responsibility Act of 1996, "guarantee[d] an alien the right to file one motion to reopen," and that the "departure bar" regulation, which required an alien to be physically present in the United States to file a motion to reopen, "impermissibly undercut[] that right." *Id.* at 1240–41. But although an alien is afforded the right to file one motion to reopen his removal proceedings under § 1229a(c)(7), Congress unambiguously provided in § 1231(a)(5) that this right is forfeited when the alien illegally reenters the United States and his previous order of removal is reinstated.

Indeed, three other circuit courts have reached this conclusion when addressing the interplay between §§ 1229a(c)(7) and 1231(a)(5) in this context. For example, in *Cuenca v. Barr*, 956 F.3d 1079, 1084 (9th Cir. 2020), the Ninth Circuit determined that § 1231(a)(5) unambiguously barred the reopening of a reinstated prior removal order. The Ninth Circuit noted that this plain reading of § 1231(a)(5) "comport[ed] with the statute's 'clear Congressional purpose.'" *Id.* (quoting *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 354 (5th Cir. 2018)). The Ninth Circuit explained that, while "[r]einstatement once applied only to 'a limited class of illegal reentrants,' and 'the rest got the benefit of the ordinary deportation rules,'" Congress had since enacted the Illegal Immigration Reform and Immigrant Responsibility Act, "which replaced the old reinstatement provision 'with one that toed a harder line.'" *Id.* (quoting *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 33–

8

34 (2006)).  Thus, § 1231(a)(5) "establishes a process to expeditiously remove an alien who already is subject to a removal order, thereby denying the alien 'any benefits from his latest violation of U.S. law.'"  *Id.* at 1085 (quoting *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (en banc)).  The Ninth Circuit rejected the petitioner's argument that its reading of § 1231(a)(5) created "a conflict with § 1229a(c)(7) by eviscerating an alien's right to file a motion to reopen," explaining that while § 1229a(c)(7) provides an alien the right to file one motion to reopen his or her proceedings, § 1231(a)(5) "provides that an alien *forfeits* that right by reentering the country illegally."  *Id.* at 1085 (emphasis in original) (quoting *Rodriguez-Saragosa*, 904 F.3d at 354).  The Fifth and Seventh Circuits have similarly determined that § 1231(a)(5) institutes a permanent jurisdictional bar for reopening a reinstated prior removal order.  *See Rodriguez-Saragosa*, 904 F.3d at 355 ("Rodriguez-Saragosa's situation is precisely that which § 1231(a)(5) is designed to cover: where a removed alien reenters the United States illegally with full knowledge that he had been ordered removed.  In such circumstances, 'the prior order of removal . . . is not subject to being reopened.'" (alteration in original) (quoting § 1231(a)(5))); *Cordova-Soto v. Holder*, 732 F.3d 789, 793 (7th Cir. 2013) (holding that "§ 1231(a)(5) bars reopening of a removal order that has been reinstated after the alien's illegal return to the United States").

9

We join the Fifth, Seventh, and Ninth Circuits in concluding that the plain language of § 1231(a)(5) bars the reopening of a reinstated removal order following an alien's unlawful reentry into the United States. Here, Alfaro-Garcia stipulated to being removed from the United States to Mexico. The immigration judge issued an order of removal based on this stipulation, and DHS physically removed Alfaro-Garcia to Mexico. Rather than remaining in Mexico to file a motion to reopen his removal proceedings, Alfaro-Garcia illegally reentered the United States several months after his initial removal. The facts of this case place Alfaro-Garcia "squarely within the terms of § 1231(a)(5)." *Cordova-Soto*, 732 F.3d at 794–95. Section 1231(a)(5) bars the reopening of Alfaro-Garcia's reinstated order of removal because Alfaro-Garcia forfeited his statutory right to file a motion to reopen his removal proceedings when he illegally reentered the United States. Indeed, "[f]orfeiture of the right to reopen under § 1229a(c)(7) is part of the less favorable regime to which [Alfaro-Garcia] is now subject by unlawfully reentering and remaining in the United States despite his prior removal order." *Cuenca*, 956 F.3d at 1087–88. Therefore, the BIA did not abuse its discretion in denying Alfaro-Garcia's motion to reopen his removal proceedings.

## IV. CONCLUSION

Section 1231(a)(5) unambiguously bars the reopening of a reinstated removal order where the alien has illegally reentered the United States following his or her

initial removal.  Because Alfaro-Garcia illegally reentered the United States from Mexico following his removal, the BIA correctly determined that it could not reopen the removal proceedings.  Accordingly, we deny Alfaro-Garcia's petition for review.

**PETITION DENIED**.