**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10168

Non-Argument Calendar

_____

HARRINGTON CAMPBELL,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A037-753-706

_____

Before ABUDU, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Harrington Campbell, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) order denying reconsideration of its denial of his third motion to reopen his removal

proceeding, and denying his fourth motion to reopen the proceeding. After review,[1] we deny the petition.

Courts must enforce jurisdictional rules *sua sponte*, even when neither party raises the issue. *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). 8 U.S.C. § 1231(a)(5) provides that if the Attorney General finds a noncitizen has illegally reentered the United States after having been removed,

> the prior order of removal is reinstated from its original date and *is not subject to being reopened or reviewed*, the [noncitizen] is not eligible and may not apply for any relief under this chapter, and the [noncitizen] shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).

"Section 1231(a)(5) unambiguously bars the reopening of a reinstated removal order where the [noncitizen] has illegally reentered the United States following his . . . initial removal." *Alfaro-Garcia v. U.S. Att'y Gen.*, 981 F.3d 978, 983 (11th Cir. 2020). In *Alfaro-Garcia*, we addressed whether the BIA abused its discretion in affirming the immigration judge's (IJ) denial of the petitioner's motion to reopen removal proceedings on the basis that the Department of Homeland Security's (DHS) decision to reinstate the petitioner's prior removal order following his illegal-reentry conviction divested the IJ and BIA of jurisdiction under § 1231(a)(5),

---

[1] "We review questions of law *de novo*." *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1217 (11th Cir. 2023).

despite the petitioner's statutory right under § 1229(c)(7) to file one motion to reopen proceedings. *Id.* at 979-81. We held that while § 1229(c)(7) gives a noncitizen the right to file one reopening motion, "Congress unambiguously provided in § 1231(a)(5) that this right is forfeited when the [noncitizen] illegally reenters the United States and his previous order of removal is reinstated." *Id.* at 982. Accordingly, we concluded the BIA did not abuse its discretion in denying the petitioner's motion to reopen for lack of jurisdiction because the petitioner's motion was barred under § 1231(a)(5) for having illegally reentered the United States following his initial removal. *Id.* at 983.

The plain text of 8 U.S.C. § 1231(a)(5) precludes relief. Campbell was removed in June 2018 and was convicted of illegal reentry in May 2020—a conviction which this Court affirmed in May 2023—so his "prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed" under § 1231(a)(5), which unambiguously bars the reopening of his removal proceedings. 8 U.S.C. § 1231(a)(5); *Alfaro-Garcia*, 981 F.3d at 983, *United States v. Campbell*, No. 20-12147, 2023 WL 3244595 at *4 (11th Cir. May 4, 2023).

While the BIA did not rely on § 1231(a)(5) to deny Campbell's motions, and neither party raises the issue on appeal, we are obligated to *sua sponte* consider whether § 1231(a)(5) applies to Campbell's petition because the statute implicates the BIA's jurisdiction to review and reopen his removal proceedings. *Santos-Zacaria*, 598 U.S. at 416. The record demonstrates, and Campbell in

several instances asserted that, he seeks to reopen his prior removal order due to DHS reinstating it following his conviction for illegally reentering the United States after his 2018 removal, which is plainly barred by § 1231(a)(5). Campbell has similarly forfeited his right to move for reconsideration as to any denied reopening motions because § 1231(a)(5) unambiguously states that when a petitioner is barred from reopening, he is also barred from "apply[ing] for any relief under" the Immigration and Nationality Chapter of Title 8, which includes the provision providing for a motion to reconsider. 8 U.S.C. § 1229a(c)(6), 1231(a)(5).

Generally, remand is the "appropriate remedy when an administrative agency makes an error of law" because it allows the agency the opportunity to consider the record evidence "in light of the correct legal principle." *United States v. Schwarzbaum*, 24 F.4th 1355, 1365 (11th Cir. 2022) (quotation marks omitted). Courts, however, need not remand to an agency if doing so would be futile because "only one conclusion [is] supportable." *Id.* at 1367 (quotation marks omitted). In that situation, "remand would be an idle and useless formality" and would "convert judicial review of agency action into a ping-pong game" *Morgan Stanley Cap. Grp. Inc. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash.*, 554 U.S. 527, 545 (2008) (quotation marks omitted). Here, remanding Campbell's petition back to the agency would be futile because the BIA must deny his motions under § 1231(a)(5).

Finally, as § 1231(a)(5) bars the reopening of Campbell's removal proceeding, we need not consider whether the BIA abused

24-10168                 Opinion of the Court                 5

its discretion by denying his fourth motion to reopen as time-barred and number-barred or his third motion for reconsideration for failing to establish that it erred in denying his previous reopening motion. *See Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining courts and agencies need not make findings on issues if those findings are unnecessary to the results they reach). Accordingly, we deny Campbell's petition.

**PETITION DENIED.**